IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

ADAN LOPEZ, FRANCISCO MENDEZ, EZEQUIEL )
ABURTO-HERNANDEZ, ELENA RAFAEL-PERALTA,)
JOSÉ PABLO SANDOVAL-MONTALVO, and JOSÉ )
JIMENEZ-OLIVAREZ, ALEJANDRO MARTINEZ- )
MENDEZ, on behalf of themselves and )
other similarly situated persons, )
                             )
                   Plaintiff, )    COMPLAINT
                             )
v.                             )    CLASS ACTION
                             )
HAM FARMS, LLC f/k/a HAM FARMS, INC., )    Civil Action No.:
HAM PRODUCE, LLC f/k/a HAM PRODUCE )      2:17-cv-30
COMPANY, INC., ISMAEL PACHECO, PACHECO )
CONTRACTORS, INC., HUGO MARTINEZ, )
GUTIERREZ HARVESTING, LLC, ROBERTO )
TORRES-LOPEZ, 5 G HARVESTING, LLC, )
RODRIGO GUTIERREZ-TAPIA, SR., and )
CIRILA GARCIA-PINEDA, )
                             )
                   Defendants. )
_____)

## I.   PRELIMINARY STATEMENT

1.    This is a collective and class action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), and the NC Wage and Hour Act ("NCWHA"), N.C.Gen.Stat. §§95-25.1 et seq. by seven (7) former employees against a closely held farming enterprise consisting of two limited liability companies that were originally formed as corporate entities, Ham Farms, LLC and Ham Produce Company, LLC, and three (3) other closely held corporate or business entities that over the course of the 2015 and 2016 agricultural seasons in eastern North Carolina used the services of a series of farm labor contractors including but not limited to, Rodrigo Gutierrez-Tapia, Gutierrez Harvesting, LLC, 5 G Harvesting, LLC, Roberto Torres-Lopez, Ismael Pacheco, Pacheco Contractors, Inc., Hugo Martinez, and Cirila Pineda-Garcia to furnish them with migrant agricultural workers that the farming entities jointly

1

employed with those farm labor contractors in those same seasons.

2.      Among other claims, the plaintiffs pursue claims for promised but unpaid wages at the overtime and/or the minimum rate required by the Fair Labor Standards Act ("FLSA"), promised wages disclosed pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2) and liquidated damages under 29 U.S.C. § 216(b) and N.C.Gen.Stat. § 95-25.22(a1), and the failure to pay all wages when due and other related violations of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. §§ 1801 *et seq.*, and the North Carolina Wage and Hour Act ("NCWHA"), N.C.Gen.Stat. § 95-25.6.

2A.      Based upon their claims under 29 U.S.C. §§ 206 and 207 of the Fair Labor Standards Act, §§ 95-25.13(1)-(2) and 95-25.6 of the NCWHA, the plaintiff, and 29 U.S.C. §§ 1821-1822 of the AWPA, the named plaintiffs and the group of workers they seek to represent seek payment of back wages and an equal amount of liquidated damages, statutory damages, and attorney fees, interest, and costs under 29 U.S.C. § 216(b) and 1854(c)(1), and N.C.Gen.Stat. §§95-25.22(a), (a1), and (d).

II.   JURISDICTION

3.      Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§1331 and 1337, 29 U.S.C. § 216(b) and 1854(a), and 28 U.S.C. §1367(a).

4.      This Court has the power to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

III.   VENUE

5.      Venue over this action lies in this Court pursuant to 28 U.S.C. §§1391(b) and 1391(c), and 29 U.S.C. § 216(b) and 1854(a).   At all times relevant to this action continuing through the present date, the principal place of all of the corporate or business entity

defendants other than Gutierrez Harvesting, LLC and 5 G Harvesting, LLC is and has been located in one or more counties named in 28 U.S.C. § 113(a), and all of the events or omissions giving rise to this action occurred in one or more of the counties listed in 28 U.S.C. § 113(a).

IV.  <u>NAMED PLAINTIFFS</u>

6.  In 2015, plaintiffs Adan Lopez, Francisco Mendez, and Alejandro Martinez-Mendez were migrant agricultural workers who were furnished by farm labor contractors Ismael Pacheco, and Pacheco Contractors, Inc. to Ham Farms, LLC formerly known as Ham Farms, Inc. to harvest sweet potatoes by hand in "corresponding employment" (as that term is defined in the version of 20 C.F.R. § 655.103(b) that existed as of the date this action was filed) in and around Greene County, North Carolina for at least four (4) workweeks in July and August 2015.  Also in 2015, plaintiff Ezequiel Aburto-Hernandez worked as a migrant agricultural worker who was furnished by farm labor contractor Cirila Garcia-Pineda to Ham Farms, LLC formerly known as Ham Farms, Inc. to harvest sweet potatoes by hand in "corresponding employment" (as that term is defined in the version of 20 C.F.R. § 655.103(b) that existed as of the date this action was filed) in and around Greene County, North Carolina for at least twelve (12) workweeks in August, September, October, and November 2015.  During all of those same workweeks in 2015, those same four (4) named plaintiffs were jointly employed in 2015 to harvest sweet potatoes by hand in "corresponding employment" (as that term is defined in the version of 20 C.F.R. § 655.103(b) that existed as of the date this action was filed) by the persons and entities named above in connection with each of those same four (4) named plaintiffs in the enterprise of defendant Ham Farms, LLC formerly known as Ham Farms, Inc. that defendants Ham Farms, LLC formerly known as Ham Farms, Inc.

Case 2:17-cv-00030-D   Document 1   Filed 06/30/17   Page 3 of 83

has operated and continued to operate in and around Greene County, North Carolina from at least January 1, 2014 through the present date within the meaning of 29 U.S.C. §§ 203(d), 203(g), and 203(s)(1)(A)(i)-(ii) and N.C.Gen.Stat. §§ 95-25.2(3) and 95-25.2(18) to grow, harvest and produce sweet potatoes.

7.     In 2016, plaintiffs Adan Lopez, Francisco Mendez, and Alejandro Martinez-Mendez, and Ezequiel Aburto-Hernandez worked again as migrant agricultural workers who were furnished by farm labor contractor Cirila Garcia-Pineda to Ham Farms, LLC formerly known as Ham Farms, Inc. to harvest sweet potatoes by hand in "corresponding employment" (as that term is defined in the version of 20 C.F.R. § 655.103(b) that existed as of the date this action was filed) in and around Greene County, North Carolina for at least eight (8) workweeks in August, September, October, and/or November, 2016.  During all of those same workweeks in 2016, all of these same plaintiffs were jointly employed in 2016 to harvest sweet potatoes by hand in "corresponding employment" (as that term is defined in the version of 20 C.F.R. § 655.103(b) that existed as of the date this action was filed) by all of those same persons and entities in the enterprise of defendant Ham Farms, LLC formerly known as Ham Farms, Inc. that defendants Ham Farms, LLC formerly known as Ham Farms, Inc. operated and continues to operate in and around Greene County, North Carolina from at least January 1, 2014 through the present date within the meaning of 29 U.S.C. §§ 203(d), 203(g), and 203(s)(1)(A)(i)-(ii) and N.C.Gen.Stat. §§ 95-25.2(3) and 95-25.2(18) to grow, harvest and produce sweet potatoes.

8.     In 2015, plaintiff Elena Rafael-Peralta was an H-2A worker with an H-2A visa issued pursuant to 8 U.S.C. §§ 1101(a)(15)(H)(ii)(a), 1184(c), and 1188(a)(1) who was jointly furnished by farm labor

4

contractors Roberto Torres-Lopez (hereinafter "Torres") and the father-in-law of Torres, farm labor contractor Ismael Pacheco and the dissolved corporate entity, Pacheco Contractors, Inc. (hereinafter "Pacheco, Inc."), that Ismael Pacheco operated to Ham Farms, LLC formerly known as Ham Farms, Inc. to harvest sweet potatoes by hand in and around Greene County, North Carolina for at least twelve (12) workweeks from the workweek ending on or about July 3, 2015 through one or more workweeks ending in or about November 2015. During all of those same workweeks, that same plaintiff was jointly employed by all of those same persons and entities with an H-2A visa issued pursuant to 8 U.S.C. §§ 1101(a)(15)(H)(ii)(a), 1184(c), and 1188(a)(1) obtained by farm labor contractor Torres through the H-2A program to harvest sweet potatoes by hand for all of those same persons and entities in the enterprise of defendant Ham Farms, LLC formerly known as Ham Farms, Inc. that defendants Ham Farms, LLC formerly known as Ham Farms, Inc. has operated and continued to operate in and around Greene County, North Carolina from at least January 1, 2014 through the present date within the meaning of 29 U.S.C. §§ 203(d), 203(g), and 203(s)(1)(A)(i)-(ii), N.C.Gen.Stat. §§ 95-25.2(3) and 95-25.2(18), and 8 C.F.R. § 655.103(b) to grow, harvest and produce sweet potatoes.

9. In 2015, plaintiff José Jimenez-Olivares was an H-2A worker with an H-2A visa issued pursuant to 8 U.S.C. §§ 1101(a)(15)(H)(ii)(a), 1184(c), and 1188(a)(1) who was furnished by farm labor contractors Rodrigo Gutierrez-Tapia and Gutierrez Harvesting, LLC to Ham Farms, LLC formerly known as Ham Farms, Inc. to harvest sweet potatoes by hand in and around Greene County, North Carolina for varying time periods ranging from approximately 8 weeks through from the workweek ending on or about August 13, 2015 through one or more workweeks ending on or

about November 25, 2015. During all of those same workweeks, that same plaintiff was jointly employed by all of those same persons and entities to harvest sweet potatoes by hand for all of those same persons and entities in the enterprise of defendant Ham Farms, LLC formerly known as Ham Farms, Inc. that defendants Ham Farms, LLC formerly known as Ham Farms, Inc. has operated and continued to operate in and around Greene County, North Carolina from at least January 1, 2014 through the present date within the meaning of 29 U.S.C. §§ 203(d), 203(g), and 203(s)(1)(A)(i)-(ii), N.C.Gen.Stat. §§ 95-25.2(3) and 95-25.2(18), and 8 C.F.R. § 655.103(b) to grow, harvest and produce sweet potatoes.

10. In 2016, plaintiff José Pablo Sandoval-Montalvo was an H-2A workers with an H-2A visa issued pursuant to 8 U.S.C. §§ 1101(a)(15)(H)(ii)(a), 1184(c), and 1188(a)(1) who were furnished by farm labor contractors Rodrigo Gutierrez-Tapia ("RGT") and 5 G Harvesting, LLC ("5 G, LLC") to Ham Farms, LLC formerly known as Ham Farms, Inc. to harvest sweet potatoes by hand in and around Greene County, North Carolina for varying time periods ranging from approximately 4 weeks from October 2016 through the middle of November 2016. Before that H-2A work in North Carolina, RGT and 5 G, LLC furnished this plaintiff in 2016 to a series of agricultural employers outside of North Carolina to perform H-2A work such as Georgia and Mississippi in which the adverse effect wage rate (AEWR) required by 20 C.F.R. §§ 655.120(a) and 655.122(l) to employ an H-2A worker in that state was a lower hourly rate than that required in North Carolina. During all of those same workweeks, this same plaintiff was jointly employed by all of those same persons and entities to harvest sweet potatoes by hand for all of those same persons and entities in the enterprise of defendant Ham Farms, LLC formerly known as Ham Farms, Inc.

6

that defendants Ham Farms, LLC formerly known as Ham Farms, Inc. has operated and continued to operate in and around Greene County, North Carolina from at least January 1, 2014 through the present date within the meaning of 29 U.S.C. §§ 203(d), 203(g), and 203(s)(1)(A)(i)-(ii), N.C.Gen.Stat. §§ 95-25.2(3) and 95-25.2(18), and 8 C.F.R. § 655.103(b).

11.   In December 2016 and January 2017 plaintiff Ezequiel Aburto-Hernandez was furnished by farm labor contractor Hugo Martinez to defendants Ham Produce, LLC formerly known as Ham Produce, Inc., and jointly employed by Hugo Martinez and that same business entity to process and pack sweet potatoes in the sweet potato packing and processing house known as Ham Produce, LLC and formerly known as Ham Produce, Inc. as part of that same sweet potato packing and processing house operated by Ham Produce, LLC formerly known as Ham Produce, Inc.

V.   <u>DEFENDANTS</u>

12.   Defendant Ham Farms, LLC formerly known as Ham Farms, Inc. (hereinafter referred to as "Farms, LLC") is a limited liability company organized under the laws of the State of North Carolina and formerly organized as a corporation under the laws of the State of North Carolina in 1985.  Bobby Glenn Ham, 963 U.S. Highway 258 South, Snow Hill, North Carolina 28580, is its registered agent for service of process.

13.   In each of the calendar years 2014, 2015, 2016, and 2017 to date defendant Farms, LLC was and is a business entity, limited liability company, or corporation "engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. §203(s)(1)(A) as in each of those same calendar years defendant Farms, LLC had:

(a)   employees who handled, sold or otherwise worked on goods or materials that had been moved in or produced for interstate commerce

7

by another person, corporation, or partnership, and

            (b)    annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that were separately stated).

14.    In each of the calendar years 2014, 2015, 2016, and 2017 to date, defendant Farms, LLC was and is an "agricultural employer" as that term is defined in the presently effective version of 29 U.S.C. § 1802(2).

15.    In each of the calendar years 2014, 2015, 2016, and 2017 to date, defendant Farms, LLC was an employer as defined by the H-2A regulations, 20 C.F.R. § 655.103(b), of the H-2A workers and workers in corresponding employment that performed agricultural work in fields owned or controlled by defendant Farms, LLC. Defendant Farms, LLC had a place of business in the U.S., a means to be contacted for employment, the ability to control the work of the H-2A workers and workers in corresponding employment, and had a valid Federal Employer Identification Number.

16.    Defendant Ham Produce, LLC formerly known as Ham Produce, Inc. (hereinafter referred to as "Produce, LLC") is a limited liability company organized under the laws of the State of North Carolina and formerly organized as a corporation under the laws of the State of North Carolina in 1991. Bobby Glenn Ham, 963 U.S. Highway 258 South, Snow Hill, North Carolina 28580, is its registered agent for service of process.

17.    In each of the calendar years 2014, 2015, 2016, and 2017 to date defendant Produce, LLC was and is a business entity, limited liability company, or corporation "engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C.

8

§203(s)(1)(A) as in each of those same calendar years defendant Produce, LLC had:

(a)  employees who handled, sold or otherwise worked on goods or materials that had been moved in or produced for interstate commerce by another person, corporation, or partnership, and

(b)  annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that were separately stated).

18.  As part of the business entity described in ¶17 above, in both calendar years 2016 and 2017 defendant Produce, LLC operated a sweet potato packing house in or near Greene County, North Carolina in which Produce, LLC employed or jointly employed workers to process and/or pack sweet potatoes that had been grown by some person or business entity other than Produce, LLC and Farms, LLC.

19.  Defendant Gutierrez Harvesting, LLC (hereafter referred to as "G, LLC") is a limited liability company organized under the laws of the State of Florida in November 2014.  Defendant Rodrigo Manuel Gutierrez-Tapia, Sr. (hereinafter referred to as "RGT"), 3764 East Main Street, Wauchula, FL 33873, is its registered agent for service of process.

20.  Defendant 5 G Harvesting, LLC (hereafter referred to as "5G LLC") is a limited liability company organized under the laws of the State of Florida in November 2015.  Defendant Rodrigo Manuel Gutierrez-Tapia, Sr. (hereinafter referred to as "RGT"), 5105 Minor Avenue, Bowling Green, FL 33834, is its registered agent for service of process.

21.  Defendant Pacheco Contractors, Inc. (hereafter referred to as "Pacheco, Inc.") is a corporation organized under the laws of the State of North Carolina in September 1999.  Defendant Ismael Pacheco, P.O. Box 311, 212 Hill Street, Warsaw, North Carolina 28398 (hereinafter referred

to as "Ismael"), is its registered agent for service of process. Pursuant to N.C.Gen.Stat. § 55-14-21, the North Carolina Secretary of State administratively dissolved Pacheco, Inc. for its failure to file an annual report effective as of that date. In addition, by notice given in September 2006, the North Carolina Department of Revenue suspended Pacheco, Inc. for its failure to comply with the requirements of the North Carolina Department of Revenue pursuant to N.C.Gen.Stat. § 105-230(a).

22. In 2015, defendants Pacheco, Inc. and Ismael were farm labor contractors who were paid a fee to furnish and perform at least one other farm labor contracting activity as defined in 29 U.S.C. § 1802(6) in connection with migrant agricultural workers who performed "corresponding employment" (as that term is defined in the version of 20 C.F.R. § 655.103(b) that existed as of the date this action was filed) and other work hand harvesting sweet potatoes for and in fields owned or controlled by Farms, LLC.

23. At the present time and at all times relevant to this action, Cirila Garcia-Pineda resides, resided, receives, and received her mail at 208 Appletree Creek Road, P.O. Box 158, Stantonsburg, North Carolina 27883-9528. In both 2015 and 2016, Cirila Garcia-Pineda was a farm labor contractor who furnished migrant agricultural workers to Farms, LLC who performed "corresponding employment" (as that term is defined in the version of 20 C.F.R. § 655.103(b) that existed as of the date this action was filed) and other work hand harvesting sweet potatoes for and in fields owned or controlled by Farms, LLC.

24. In both 2016 and 2017, Hugo Martinez resides, resided, receives, and received his mail at 344 Dunwoody Road, Farmville, North Carolina 27828. In both 2016 and 2017, Hugo Martinez was a farm labor

contractor who contracted with, was paid a fee by, and actually furnished to Produce, LLC approximately 20 migrant and seasonal agricultural workers to work for and in the packing house of Produce, LLC to process and/or pack sweet potatoes.

25. In 2015 and through the present date, defendant Roberto Torres-Lopez (hereinafter "Torres") resided at 116 W. Pollock Street in Warsaw, North Carolina 28398, and had a mailing address of P.O. Box 311, Warsaw, North Carolina 28398, that he shared with defendant Ismael.

26. For the months of July, August, September, October, and November 2015, defendant Torres, Pacheco, Inc., and Ismael jointly and/or severally contracted with, were all paid a fee by, and actually furnished to Farms, LLC as a "fixed-site employer" and "fixed-site agricultural business" pursuant to 20 C.F.R. §§ 655.103(b), 655.132(a), and 655.132(b)(1) and per 29 U.S.C. § 1802(6) approximately 10 workers with H-2A visas and approximately 50 or more additional migrant agricultural workers to perform either agricultural employment or "corresponding employment" (as defined who performed "corresponding employment" (as that term is defined in the version of 20 C.F.R. § 655.103(b) that existed as of the date this action was filed), or both, to hand harvest sweet potatoes for Farms, LLC in and around Greene County, North Carolina.

27. For the months of at least August, September, October, and November 2015, defendant RGT doing business as G, LLC contracted with, was paid a fee by, and actually furnished to Farms, LLC as a "fixed-site employer" and "fixed-site agricultural business" pursuant to 20 C.F.R. §§ 655.103(b), 655.132(a), and 655.132(b)(1) approximately 250 workers with H-2A visas to hand harvest sweet potatoes for Farms, LLC in and around Greene County, North Carolina.

11

27A. For the months of at least August, September, October, and November 2015, defendant RGT doing business as G, LLC contracted with, was paid a fee by, and actually furnished to Farms, LLC and other "fixed-site employers" and "fixed-site agricultural businesses" located within North Carolina pursuant to 20 C.F.R. §§ 655.103(b), 655.132(a), and 655.132(b)(1) approximately 500 additional workers with H-2A visas to hand harvest sweet potatoes and other agricultural commodities for those "fixed-site employers" in North Carolina after defendant RGT d/b/a G, LLC had already furnished those same H-2A workers to perform work for fixed-site employers in states other than North Carolina for which the adverse effect wage rate required by 29 C.F.R. §§ 655.122(l) and 655.120(a) was lower than that required for H-2A work in North Carolina.

28. For the months of at least August, September, October, and November 2015, defendant Cirila Garcia-Pineda contracted with, was paid a fee by, and actually furnished to Farms, LLC approximately 50 migrant agricultural workers to perform "corresponding employment" (as defined in the version of 20 C.F.R. § 655.103(b) that existed as of the date this action was filed) and other work hand harvesting sweet potatoes for and in fields owned or controlled by Farms, LLC in and around Greene County, North Carolina.

29. For the months of at least August, September, October, and November 2016, defendant RGT doing business as 5 G LLC contracted with, was paid a fee by, and actually furnished to Farms, LLC as a "fixed-site employer" and "fixed-site agricultural business" pursuant to 20 C.F.R. §§ 655.103(b), 655.132(a), and 655.132(b)(1) approximately 250 workers with H-2A visas to hand harvest sweet potatoes for Farms, LLC in and around Greene County, North Carolina.

29A. For the months of at least August, September, October, and

12

November 2016, defendant RGT doing business as G, LLC contracted with, was paid a fee by, and actually furnished to Farms, LLC and other "fixed-site employers" and "fixed-site agricultural businesses" located within North Carolina pursuant to 20 C.F.R. §§ 655.103(b), 655.132(a), and 655.132(b)(1) approximately 500 additional workers with H-2A visas to hand harvest sweet potatoes and other agricultural commodities for those "fixed-site employers" in North Carolina after defendant RGT d/b/a G, LLC had already furnished those same H-2A workers to perform work for fixed-site employers in states other than North Carolina for which the adverse effect wage rate required by 29 C.F.R. §§ 655.122(l) and 655.120(a) was lower than that required for H-2A work in North Carolina.

30. For the months of at least August, September, October, and November, 2016, defendant Cirila Garcia-Pineda again contracted with, was paid a fee by, and actually furnished to Farms, LLC approximately 50 migrant agricultural workers to perform "corresponding employment" (as defined in who performed "corresponding employment" (as that term is defined in the version of 20 C.F.R. § 655.103(b) that existed as of the date this action was filed) and other work hand harvesting sweet potatoes for and in fields owned or controlled by Farms, LLC in and around Greene County, North Carolina.

31. At all times during the same time periods alleged in ¶¶8-10, inclusive, 26 and 29 above, defendants Farms, LLC and Produce, LLC suffered or permitted the plaintiffs named in ¶¶8-10 and the H-2A workers described in those same paragraphs of the Complaint that one or more of the named plaintiffs seek to represent to work as described in the corresponding class and collective action allegations set forth in ¶¶54-55, 62-63, and 76-79 below of this Complaint so that those H-2A workers were joint "employees" of defendant Farms, LLC within the

13

meaning of the term "employee" as defined in the presently effective version of 20 C.F.R. § 655.103(b).

32.   At all times during the same time periods alleged in ¶¶10, 27A, 29A, and 55(i) above and below of this Complaint for the work that is described in those same paragraphs, defendants RGT, G, LLC, 5 G, LLC, suffered or permitted plaintiff José Pablo Sandoval-Montalvo and the H-2A workers described in ¶¶27A, 29A, and 55(i) to perform the H-2A work in North Carolina that is alleged therein.  When that H-2A work occurred on property owned or controlled by defendants Farms, LLC and/or Produce, LLC, one or both of those same two defendants jointly suffered or permitted the named plaintiff and the H-2A workers to perform the work that is described in those same paragraphs of the Complaint that plaintiff Sandoval-Montalvo seeks to represent.

33.   At all times during the same time periods alleged in ¶¶6-7, 11, 22-24, and 26, 28, and 30 above, defendants Farms, LLC and Produce, LLC jointly suffered or permitted the named plaintiffs described in ¶¶6-7 and 11, and the migrant and seasonal agricultural workers described in those paragraphs of the Complaint to perform the work that is described in those same paragraphs that one or more of the named plaintiffs seek to represent to work as described in the corresponding class and collective action allegations set forth in ¶¶50-51, 54-55, and 70-71 below of this Complaint.

33A.  Prior to and after defendants RGT, G, LLC, and/or 5 G, LLC began bringing in H-2A workers to work for defendant Farms, LLC, defendant Farms, LLC paid all farm labor contractors that Farms, LLC utilized an hourly or piece rate based on the number of hours worked or pieces picked by the members of their crews.

14

34.  Upon information and belief, at all times relevant to this Complaint, defendants RGT, G, LLC, 5 G, LLC, Ismael, Cirila Garcia-Pineda, Torres, and Pacheco, Inc. did not and do not have sufficient monetary resources on deposit in any financial institution to pay the wages owed for any one workweek's wages that were and are payable to the H-2A workers and migrant or seasonal agricultural workers they furnished to defendant Farms, LLC until such time as Farms, LLC had paid or will pay the farm labor contractor defendants for that workweek's work.

35.  The H-2A and migrant and seasonal agricultural workers furnished to Farms, LLC by the farm labor contractor defendants in this case perform planting, harvesting, packing, and equipment operation work that is integral to the agricultural and packing house operations of Farms, LLC and Produce, LLC. Upon information and belief, all of the H-2A workers' work, as well as the work of the named Plaintiffs and the members of the proposed NCWHA and AWPA classes, were performed on premises owned or controlled by defendant Farms and/or defendant Produce, LLC.

36.  Upon information and belief, at all times relevant to this action, defendants Farms, LLC, Produce, LLC, and the farm labor contractors named as defendants in this action had an arrangement between themselves to share the services of their employees, and did interchange employees to perform various tasks.

37.  Since at least July 1, 2015 and continuing thereafter Farm Manager Charles Taylor Caudle and/or other persons directly employed by Farms, LLC and/or Produce, LLC have assigned the H-2A workers, named plaintiffs, and other migrant and seasonal agricultural workers to particular sweet potato fields and overseen all sweet potato field work.

38. Since at least July 1, 2015, upon information and belief, defendant Farms, LLC and Produce, LLC have decided on the start and stop times for the work performed by the H-2A workers. The Scott Defendants also decide and have decided on the start and stop times for the Plaintiffs and the members of the proposed AWPA and NCWHA classes, and decide which days they will work.

39. During the time relevant to this action, upon information and belief, Farm Manager Charles Taylor Caudle and/or other persons directly employed by Farms, LLC and/or Produce, LLC regularly gave instructions to the farm labor contractor defendants regarding the methods and techniques the H-2A workers were to use in planting, harvesting, and packing the crops.

40. During the time relevant to this action, upon information and belief, Farm Manager Charles Taylor Caudle and/or other persons directly employed by Farms, LLC and/or Produce, LLC regularly gave instructions to the farm labor contractors named as defendants in this action regarding the best methods and techniques the H-2A workers were to use in planting, harvesting, and packing the crops.

41. During the time relevant to this action, defendants Farms, LLC and Produce, LLC provided the sweet potato bins and tractors used by the H-2A workers and the Plaintiffs and members of the proposed AWPA and NCWHA classes.

42. From July 1, 2015 to the present during the time relevant to this action, defendant Farms, LLC owned at least some of the labor camps in which the H-2A worker plaintiffs were housed during the time period relevant to this lawsuit, fulfilling a necessary requirement for defendants Torres, RGT, G, LLC, and 5 G, LLC to be able to receive H-2A workers.

16

43. In 2015 and again in 2016, defendant Farms, LLC and/or Produce, LLC registered a number of different migrant camps with the NC Department of Labor, for occupancy by more than 200 H-2A workers. Upon information and belief, defendant Farms, LLC and/or Produce, LLC also provided and provide repairs and maintenance for these labor camps, and did and do not request reimbursement from any of the farm labor contractor defendants for that housing, or for the repairs and maintenance of that housing.

44. Upon information and belief, all of the sweet potato, greenhouses, and packinghouses where the H-2A workers, the Plaintiffs, and the members of the proposed AWPA and NCWHA classes worked during the time period relevant to the lawsuit are owned by defendants Farms, LLC or Produce, LLC.

45. Upon information and belief, all of the tractors, transplanters, forklifts, and other farm machinery used by H-2A workers, the Plaintiffs, and members of the proposed AWPA and NCWHA classes working for Farms, LLC or Produce, LLC are owned by either defendant Farms, LLC or defendant Packing, LLC, or both.

46. At all times relevant to this action, planting, harvesting, and packing sweet potatoes was and is an integral part of the business of growing, marketing, and selling sweet potatoes that defendants Farms, LLC and/or Produce, LLC have operated and continue to operate.

47. Defendants Farms, LLC and Produce, LLC, by and through their use and employment of full-time, onsite supervisors, actively participated in the day-to-day operation, supervision, direction and control of the work of the workers that are described in ¶¶11 and 24 above in the packing house operated by Produce, LLC to process, pack, and ship sweet potatoes in 2016 and 2017. Among other things, that

17

direction, control, and supervision occurred during the workday in the packing house operated by Produce, LLC through the actions of management personnel who were directly employed by Produce, LLC as the workers described in ¶¶11 and 24 worked in that packing house through repeated oral, text and/or telephonic instructions and/or messages communicated by those management personnel either directly to those workers and/or through the farm labor contractor(s) and/or farm labor contractor employee(s) who furnished them.

48. Through its personal agents, officers, and/or employees, defendant Farms, LLC determined the regular hourly rate of pay, rate of pay for hours worked in excess of 40 hours in the same workweek, and the method of payment of wages paid to the named plaintiffs described in ¶¶6-10 and the workers that one or more of those same named plaintiffs seek to represent that are described in ¶¶22-23 and 26-30 above of this Complaint as part of their regular involvement in the day-to-day operations of Farms, LLC.

49. Through its personal agents, officers, and/or employees, defendant Produce, LLC determined the regular hourly rate of pay, rate of pay for hours worked in excess of 40 hours in the same workweek, and the method of payment of wages paid to the named plaintiff described in ¶11 and the workers that named plaintiff Aburto-Hernandez seeks to represent that are described in ¶24 above of this Complaint as part of their regular involvement in the day-to-day operations of Produce, LLC.

VI.  FLSA COLLECTIVE ACTION #1 (§ 207(a) – FIRST CLAIM FOR RELIEF

50. Named plaintiff Ezequiel Aburto-Hernandez maintains this action against the defendant Produce LLC for and in behalf of himself and all other similarly situated current and/or former workers who were jointly employed by defendant Hugo Martinez as described in ¶24 above of

18

this Complaint and Produce, LLC in or around Greene County, North Carolina in the defendant LLC's sweet potato packing house to process or pack sweet potatoes that were and are produced by person(s) or business entities other than defendant Farms, LLC and/or defendant Produce, LLC in whatever form, enterprise, or combination at any time in the time period starting with the first date in the three (3) year time period immediately preceding the date on which any such person files a Consent to Sue in this action pursuant to 29 U.S.C. §216(b), and ending with the date final judgment is entered in this action.

51. This FLSA collective action for the First Claim for Relief is on behalf of those members of the FLSA collective action for all workweeks that occurred in whole or in part during the time periods described in in ¶50 above in which the named plaintiff Aburto-Hernandez and the members of this FLSA collective action were or will not be paid at the hourly rate required by 29 U.S.C. § 207(a)(1) for the hours they performed or will perform work totaling in excess of 40 hours in the same workweek when all or some part of those hours worked were or will be performed in connection with the defendant Produce LLC's sweet potato packing house to process or pack sweet potatoes that were and will be produced by person(s) or business entities other than Farms, LLC and/or Produce, LLC, or some combination or totally-owned affiliate of one or both of those two named defendants.

52. During the time period described in ¶50 above, all defendants jointly or severally employed named plaintiff Aburto-Hernandez and, upon information and belief, in excess of twenty (20) other employees who did not have H-2A visas to pack and process sweet potatoes for in excess of 40 hours in the same workweek in at least two (2) different workweeks that occurred in each calendar year in the years

2016 and in 2017 when all or some part of those hours worked were and/or will be performed in connection with the defendant Produce LLC's sweet potato packing house to process or pack sweet potatoes that were and will be produced by person(s) or business entities other than Farms, LLC and/or Produce, LLC, or some combination or totally-owned affiliate of one or both of those two named defendants.

53. This collective action is based upon the willful failure of defendant Produce, LLC to pay named plaintiff Aburto-Hernandez and the members of the collective action defined in ¶50 above wages free and clear on or before their regular payday for each workweek for the work in excess of 40 hours in those same workweeks that are described in ¶¶50-52 above at the overtime rate required by 29 U.S.C. § 207(a)(1) for each hour worked or part of an hour that named plaintiff Aburto-Hernandez and each member of this collective action worked in excess of 40 hours during each of those same workweeks.

VII. <u>RULE 23(b)(3) CLASS ALLEGATIONS (NCWHA #1)</u>

54. The Second Claim for Relief is brought under the NCWHA pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure by named plaintiffs Adan Lopez, Francisco Mendez, Alejandro Martinez-Mendez, Ezequiel Aburto-Hernandez, Elena Rafael-Peralta, José Jimenez-Olivarez, and José Pablo Sandoval-Montalvo on behalf of themselves and all other similarly workers that are described in ¶¶22-23 and 26-30 above of this Complaint.

55. In the Second Claim for Relief based on the NCWHA for any regular payday that occurred in in either 2015 or 2016, or both in the two (2) year time period immediately preceding the date this action was filed, these same seven (7) named plaintiffs seek to represent a class consisting of migrant and seasonal agricultural workers and/or

H-2A workers who were jointly or severally employed by defendants Farms, LLC, RGT, G, LLC, 5 G, LLC, Cirila Garcia-Pineda, Torres, Hugo Martinez, Ismael, and/or Pacheco, Inc. who were and will not be paid all wages when due as required by N.C.Gen.Stat. § 95-25.6 at the wage rate disclosed to them pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2) for all hours worked by those same employees when they were jointly or severally employed by Farms, LLC and/or one or more of those same farm labor contractors that are named in ¶¶22-23 and 26-30 above of this Complaint. This class consists of the following subclasses:

(a) For the work performed in 2015 by named plaintiffs Adan Lopez, Francisco Mendez, and Elena Rafael-Peralta, the work performed in 2015 by the workers who are described in ¶22 and ¶26 who were not paid an hourly wage that averaged at least $10.32/hour for all hours worked for each workweek that they were employed or jointly employed by Farms, LLC and one or more farm labor contractors named in ¶¶22 and 26 who furnished them to Farms, LLC in 2015 to hand harvest sweet potatoes on a piece rate basis in fields that were owned or controlled by Farms, LLC in 2015.

(b) For the work performed in 2015 by named plaintiff Ezequiel Aburto-Hernandez, and the work performed in 2015 by the workers who are described in ¶23 and ¶28 who were not paid an hourly wage that averaged at least $10.32/hour for all hours worked for each workweek that they were employed or jointly employed by Farms, LLC and farm labor contractor Cirila Garcia-Pineda who furnished them to Farms, LLC in 2015 to hand harvest sweet potatoes on a piece rate basis in fields that were owned or controlled by Farms, LLC in 2015.

(c) For the work performed in 2015 by named plaintiff José Jimenez-Olivarez and the work performed in 2015 by the workers who are

described in ¶27 who were not paid an hourly wage that averaged at least $10.32/hour for all hours worked for each workweek that they were employed or jointly employed by Farms, LLC and defendant farm labor contractors RGT and G, LLC who furnished them to Farms, LLC in 2015 to hand harvest sweet potatoes on a piece rate basis in fields that were owned or controlled by Farms, LLC in 2015.

(d)  For the work performed in 2016 by named plaintiffs Adan Lopez, Francisco Mendez, Alejandro Martinez-Mendez, and the work performed in 2016 by the workers who are described in ¶23 and ¶30 above of this Complaint who were not paid an hourly wage that averaged at least $10.72/hour for all hours worked for each workweek that they were employed or jointly employed by Farms, LLC and farm labor contractor Cirila Garcia-Pineda who furnished them to Farms, LLC in 2016 to hand harvest sweet potatoes on a piece rate basis in fields that were owned or controlled by Farms, LLC in 2016.

(e)  For the work performed in 2016 by named plaintiff José Pablo Sandoval-Montalvo, and the work performed in 2016 by the workers who are described in ¶29 above of this Complaint who were not paid an hourly wage that averaged at least $10.72/hour for all hours worked for each workweek that they were employed or jointly employed by Farms, LLC and farm labor contractors named in ¶29 above who furnished them to Farms, LLC in 2016 to hand harvest sweet potatoes on a piece rate basis in fields that were owned or controlled by Farms, LLC in 2016.

(f)  For the work performed in 2015 by named plaintiffs José Jimenez-Olivarez, Elena Rafael-Peralta, and by the workers who are described in ¶27 who were not paid all promised wages when they were due on their regular weekly payday for the wages earned in the

workweek just completed pursuant to 20 C.F.R. § 655.122(k) and
655.122(m) at an hourly wage rate that averaged at least $10.32/hour
for all hours worked for each workweek that they were employed or
jointly employed by Farms, LLC and farm labor contractors RGT, and G,
LLC who furnished them to Farms, LLC in 2015 to hand harvest sweet
potatoes on a piece rate basis of $0.45 per 5/8 bushel bucket in
fields that were owned or controlled by Farms, LLC in 2015.

(g)  For the work performed in 2016 by named plaintiff José Pablo
Sandoval-Montalvo, by the workers who are described in ¶29 who were
not paid all promised wages when they were due on their regular weekly
payday for the wages earned in the workweek just completed pursuant to
20 C.F.R. § 655.122(k) and 655.122(m) at an hourly wage rate that
averaged at least $10.72/hour for all hours worked for each workweek
that they were employed or jointly employed by Farms, LLC and farm
labor contractors RGT and 5 G, LLC who furnished them to Farms, LLC in
2016 to hand harvest sweet potatoes on a piece rate basis of $0.50 per
5/8 bushel bucket in fields that were owned or controlled by Farms,
LLC in 2016.

(h)  For the work performed in 2016 by named plaintiffs Adan
Lopez, Francisco Mendez, Alejandro Martinez-Mendez, and the work
performed in 2016 by the workers who are described in ¶23 and ¶30
above of this Complaint who were not paid wages on a piece rate basis
of at least $0.50 per 5/8 bushel bucket for all buckets of sweet
potatoes they hand harvested for each workweek that they were employed
or jointly employed by Farms, LLC and farm labor contractor Maria
Garcia-Pineda who furnished them to Farms, LLC in 2016 to hand harvest
sweet potatoes on a piece rate basis in fields that were owned or
controlled by Farms, LLC in 2016.

(i)   For the work performed in 2015 after July 1, 2015 and/or any work performed in 2016 by named plaintiff José Pablo Sandoval-Montalvo, and by the H-2A workers described in ¶¶27A and 29A who were not paid all promised wages when they were due on their regular weekly payday for all hours worked in the workweek just completed pursuant to 20 C.F.R. § 655.122(k) and 655.122(m) at the adverse effect wage rate required for any H-2A work in North Carolina at any time in 2015 ($10.32/hour) for any workweek ending on or after July 1, 2015, and at any time in 2016 ($10.72/hour) for all hours worked for each workweek that Farms, LLC, farm labor contractors RGT, 5 G, LLC, and/or G, LLC jointly or severally employed them to hand harvest sweet potatoes with an H-2A visa or to perform other H-2A work in North Carolina after they had already performed H-2A work as an H-2A worker furnished by RGT, 5 G, LLC, and/or G, LLC to a fixed situs employer located in any state with an adverse effect wage rate (AEWR) that was lower the hourly AEWR applicable to North Carolina for that time period, and that lower compensation rate was continued even though the H-2A work performed occurred in North Carolina.

56.   The class and each subclass alleged in ¶55 above are so numerous and so geographically dispersed as to make joinder impractical. The precise number of individuals in this class and in each subclass in this class are known only to the defendants. However, the class and each subclass in the class are believed to include over fifty (50) individuals. This class and each subclass are comprised of indigent migrant and seasonal agricultural and temporary agricultural workers and other workers many of whom maintain no permanent residence in the United States. Many of the members in this class are not fluent in the English language and are unfamiliar with

the American judicial system. The relatively small size of the individual claims and the indigence of the members of this class also make the maintenance of separate actions by each member of this class infeasible.

57. There are questions of law and fact common to the class and subclasses alleged in ¶¶55 and 55(a)-55(h) above. These common legal and factual questions are, among others:

(a)   Pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2) and 13 N.C.A.C. Tit. 12 § .0803, did defendant Farms, LLC, and the defendant farm labor contractors identified in ¶¶55 and 55(a)-55(e) disclose to the named plaintiffs identified in ¶¶55 and 55(a)-(e) above and the members of the class and each subclass defined in ¶55 and ¶¶55(a)-(e) above that one or more of those same defendants would pay hourly wages free and clear that averaged at no less than the applicable average adverse effect wage rate for the year (2015 or 2016) in which the work was performed on a piece rate basis at either $0.45 per 5/8 bushel bucket or $0.50 per 5/8 bushel bucket?

(b)   Pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2) and 13 N.C.A.C. Tit. 12 § .0803, did defendant Farms, LLC disclose to the named plaintiffs identified in ¶¶55 and 55(f)-(g) above and the members of the class and each subclass defined in ¶55 and ¶¶55(f)-(g) above that one or more of all defendants would pay all promised wages on their regular weekly payday pursuant to 20 C.F.R. §§ 655.122(k) and 655.122(m) for the wages earned in the workweek just completed at an hourly wage rate that averaged to at the adverse effect wage rate ("AEWR") applicable for the relevant year (2015 or 2016) for all hours worked for each workweek that they were employed or jointly employed by Farms, LLC and the farm labor contractor(s) who furnished them?

25

(c) Pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2), 13 N.C.A.C. Tit. 12 § .0803, and 20 C.F.R. § 655.122(a), did defendants Farms, LLC, RGT, 5 G, LLC, and/or Cirila Garcia-Pineda disclose to the named plaintiffs identified in ¶¶55 and 55(h) above and the members of the class and each subclass defined in ¶55 and ¶¶55(h) above that one or more of all those same defendants would pay a piece rate of no less than the same $0.50 per 5/8 bushel bucket piece rate being offered by RGT, 5 G, LLC, and Farms, LLC for the workers furnished by Cirila Garcia-Pineda to perform "corresponding employment" in the hand harvest of sweet potatoes for RGT, 5 G, LLC, Farms, LLC, and Maria Garcia-Pineda in 2016?

(d) Did any of the defendants violate the wage payment provisions of N.C.Gen.Stat. § 95-25.6 of the North Carolina Wage and Hour Act ("NCWHA") applicable to the named plaintiffs and the class and subclasses defined in ¶¶55, 55(a)-(e), and 55(h) above by failing to pay wages free and clear at the rate that Farms, LLC and/or the defendant farm labor contractors who furnished them disclosed to them for all hours worked harvesting sweet potatoes in 2015 and/or 2016?

(e) Did any of the defendants violate the wage payment provisions of N.C.Gen.Stat. § 95-25.6 of the North Carolina Wage and Hour Act ("NCWHA") and the terms of their clearance order job contract pursuant to 20 C.F.R. §§ 655.122(k), 655.122(m), and 655.122(q) applicable to the named plaintiffs and the class and subclasses defined in ¶¶55 and 55(f)-(g) above by failing to pay all wages when they were due on their regular payday at the rate that one or more of all defendants disclosed to them for all hours worked harvesting sweet potatoes in 2015 and/or 2016 on their regular weekly payday for the wages earned in the workweek just completed at the promised hourly wage rate or piece rate for all hours worked and all units harvested for each workweek?

26

(f)   Did any of the defendants violate the wage payment provisions of N.C.Gen.Stat. § 95-25.6 of the North Carolina Wage and Hour Act ("NCWHA") applicable to the named plaintiff and the class and subclasses defined in ¶¶55 and 55(i) above by failing to pay wages free and clear at the AEWR rate that Farms, LLC and/or the defendant farm labor contractors who furnished them disclosed to them and were required to pay for H-2A work in North Carolina for all hours worked harvesting sweet potatoes or performing any other H-2A work in 2015 after July 2, 2015 and/or 2016 when that work was performed by the named plaintiff José Pablo Sandoval-Montalvo and the class and subclass members after they had performed other H-2A work in a state(s) with an AEWR rate that was lower than that which applied to North Carolina?

58.   The claims in the Second Claim for Relief under the NCWHA of named plaintiffs identified in ¶¶55(a)-55(i) are typical of the claims of the members of the class and subclasses identified in ¶55 and 55(a)-55(i) above, and those typical, common claims predominate over any questions affecting only individual class and subclass members. The named plaintiffs identified in those same paragraphs have the same interests as other members of the class and subclasses defined in ¶¶55 and 55(a)-55(i) above and will vigorously prosecute these interests on behalf of the class and subclasses defined in ¶¶55 and 55(a)-55(i) above.

59.   The named plaintiffs identified in ¶¶55 and 55(a)-55(i) will fairly and adequately represent the interests of the class and subclasses defined in ¶¶55 and 55(a)-55(i) above.

60.   The undersigned counsel Robert J. Willis of the Law Office of Robert J. Willis, P.A. for the named plaintiffs identified in ¶¶55 and 55(a)-55(i) is an experienced litigator who has been named counsel for

27

several class actions. Plaintiffs' counsel is prepared to advance litigation costs necessary to vigorously litigate this action and to provide notice to the members of the class and subclasses defined in ¶¶55 and 55(a)-55(i) under Rule 23(b)(3).

61. A class action under Rule 23(b)(3) is superior to other available methods of adjudicating this controversy because, *inter alia*:

(a) The common issues of law and fact, as well as the relatively small size of the individual claims of each member of the class and subclasses defined in ¶55 and 55(a)-55(i) above, substantially diminish the interest of members of the class and subclasses defined in ¶¶55 and 55(a)-55(i) in individually controlling the prosecution of separate actions;

(b) Many members of the class defined in ¶55 are unaware of their rights to prosecute these claims and lack the means or resources to secure legal assistance;

(c) There has been no litigation already commenced against any individual defendant or corporate defendant named in this action by the members of the class defined in ¶55 above to determine the questions presented;

(d) It is desirable that the claims be heard in this forum because all defendants reside in this district and the cause of action arose in this district;

(e) A class action can be managed without undue difficulty because all defendants regularly committed the violations complained of herein, and were required to and did maintain detailed records concerning each member of the class and subclasses defined in ¶¶55 and 55(a)-55(i) above.

VIII. <u>RULE 23(b)(3) CLASS ALLEGATIONS (CLEARANCE ORDER CONTRACT ACTION)</u>

28

62.   The Third Claim for Relief is brought under the NCWHA pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure by named plaintiffs Elena Rafael-Peralta, José Jimenez-Olivares, and José Pablo Sandoval-Montalvo on behalf of themselves and all other similarly workers that are described in ¶¶9-10, 26-27, and 29 above of this Complaint who were the joint employees (as the word "employee" is defined in the version of 20 C.F.R. § 655.103(b) that was effective as of the date this Complaint was filed) of both Torres, G, LLC, and/or 5 G, LLC and Farms, LLC pursuant to the terms of the clearance order contract that all such worker employees had with defendants Farms, LLC, Torres, G, LLC, and 5 G, LLC during the time in 2015 and/or 2016 that they hand-harvested sweet potatoes for Farms, LLC on land that was planted and owned or controlled by Farms, LLC.

63.   In the Third Claim for Relief, those same named plaintiffs seek to represent a class pursuant to Rule 23(b)(3) that consists of any H -2A worker employee that is described in ¶62 above who hand harvested sweet potatoes in 2015 or 2016 or both within the three (3) year time period immediately preceding the date this action was filed who were not paid all promised wages when due that were disclosed to them in their clearance order contract under 20 C.F.R. § 655.122(q) on their regular weekly payday for all hours worked for each workweek that they were employed or jointly employed by Farms, LLC and the farm labor contractor(s) named in ¶¶8-10 above who furnished them.   This class consists of the following subclasses:

(a)   For the work performed in 2015 by named plaintiff Elena Rafael-Peralta and by the H-2A workers who are described in ¶26 above who were not paid all promised wages on their regular weekly payday at

the higher of a piece rate of $0.45 per 5/8 bushel bucket of sweet potatoes or an hourly wage rate that averaged at least $10.32/hour for all hours worked for each workweek that they were employees or joint employees of Farms, LLC and defendant farm labor contractor Torres named in ¶26 who furnished them to Farms, LLC in 2015 to hand harvest sweet potatoes on a piece rate basis in fields that were owned or controlled by Farms, LLC in 2015.

(b)  For the work performed in 2015 by named plaintiff José Jimenez-Olivares, and by the H-2A workers who are described in ¶¶9 and 27 above who were not paid all promised wages on their regular weekly payday at the higher of a piece rate of $0.45 per 5/8 bushel bucket of sweet potatoes or an hourly wage rate that averaged at least $10.32/hour for all hours worked for each workweek that they were employees or joint employees of Farms, LLC and the defendant farm labor contractor named in ¶¶9 and 27 who furnished them to Farms, LLC in 2015 to hand harvest sweet potatoes on a piece rate basis in fields that were owned or controlled by Farms, LLC in 2015.

(c)  For the work performed in 2016 by named plaintiff José Pablo Sandoval-Montalvo, and by the workers who are described in ¶29 above who were not paid all promised wages on their regular weekly payday at the higher of a piece rate of $0.50 per 5/8 bushel bucket of sweet potatoes or an hourly wage rate that averaged at least $10.72/hour for all hours worked for each workweek that they were employees or joint employees of Farms, LLC and the defendant farm labor contractor RGT and 5 G Harvesting, LLC who furnished them to Farms, LLC in 2016 to hand harvest sweet potatoes on a piece rate basis in fields that were owned or controlled by Farms, LLC in 2016.

(d)  For the work performed in 2015 by named plaintiff Elena

Rafael-Peralta and by the H-2A workers who are described in ¶26 above who were not paid all promised wages on their regular weekly payday for the wages earned in the workweek just completed pursuant to 20 C.F.R. §§ 655.122(k) and 655.122(m) at the higher of a piece rate of $0.45 per 5/8 bushel bucket of sweet potatoes or an hourly wage rate that averaged at least $10.32/hour for all hours worked for each workweek that they were employees or joint employees of Farms, LLC and defendant farm labor contractor Torres named in ¶26 who furnished them to Farms, LLC in 2015 to hand harvest sweet potatoes on a piece rate basis in fields that were owned or controlled by Farms, LLC in 2015.

(e) For the work performed in 2015 by named plaintiff José Jimenez-Olivares, by the H-2A workers who are described in ¶9 above, and by the H-2A workers described in ¶27 above who were not paid all promised wages on their regular weekly payday for the wages earned in the workweek just completed pursuant to 20 C.F.R. §§ 655.122(k) and 655.122(m)at the higher of a piece rate of $0.45 per 5/8 bushel bucket of sweet potatoes or an hourly wage rate that averaged at least $10.32/hour for all hours worked for each workweek that they were employees or joint employees of Farms, LLC and defendant farm labor contractor RGT and G, LLC who furnished them to Farms, LLC in 2015 to hand harvest sweet potatoes on a piece rate basis in fields that were owned or controlled by Farms, LLC in 2015.

(f) For the work performed in 2016 by named plaintiff José Pablo Sandoval-Montalvo and by the workers who are described in ¶29 above who were not paid all promised wages on their regular weekly payday for the wages earned in the workweek just completed pursuant to 20 C.F.R. §§ 655.122(k) and 655.122(m) at the higher of a piece rate of $0.50 per 5/8 bushel bucket of sweet potatoes or an hourly wage

31

rate that averaged at least $10.72/hour for all hours worked for each workweek that they were employees or joint employees of Farms, LLC and the defendant farm labor contractors defendants RGT and 5 G, LLC who furnished them to Farms, LLC in 2016 to hand harvest sweet potatoes on a piece rate basis in fields that were owned or controlled by Farms, LLC in 2016.

64. The class and each subclass alleged in ¶¶63 and 63(a)-63(f) above are so numerous and so geographically dispersed as to make joinder impractical. The precise number of individuals in this class and in each subclass in this class are known only to the defendants. However, the class and each subclass in the class are believed to include over fifty (50) individuals. This class and each subclass are comprised of indigent migrant and seasonal agricultural and temporary agricultural workers and other workers many of whom maintain no permanent residence in the United States. Many of the members in this class are not fluent in the English language and are unfamiliar with the American judicial system. The relatively small size of the individual claims and the indigence of the members of this class also make the maintenance of separate actions by each member of this class infeasible.

65. There are questions of law and fact common to the class and each subclass alleged in ¶¶63 and 63(a)-63(f) above. These common legal and factual questions are, among others:

(a)  For 2015, pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2) and 13 N.C.A.C. Tit. 12 § .0803, did defendants Farms, LLC, Torres, and/or G, LLC disclose to the named plaintiffs identified in ¶¶8-9 above and the members of the class and each subclass defined in ¶63 and ¶¶63(a)-(b) above that defendant Farms, LLC, Torres, and/or G, LLC would pay an

wages on the employee's regular payday that were equal to the higher of the wage earnings paid for piece work at the rate of $0.45 per 5/8 bushel bucket or an average of no less than $10.32 per hour even though the work was performed on a piece rate basis at $0.45 per 5/8 bushel bucket, depending upon which was higher?

(b)   For 2016, pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2) and 13 N.C.A.C. Tit. 12 § .0803, did defendants Farms, LLC and/or 5 G, LLC disclose to the named plaintiff identified in ¶10 above and the members of the class and the subclass defined in ¶63 and ¶63(c) above that defendant Farms, LLC and/or 5 G, LLC would pay an wages on the employee's regular payday that were equal to the higher of the wage earnings paid for piece work at the rate of $0.45 per 5/8 bushel bucket or an average of no less than $10.72 per hour even though the work was performed on a piece rate basis at $0.45 per 5/8 bushel bucket, depending upon which was higher?

(c)   For 2015, pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2) and 13 N.C.A.C. Tit. 12 § .0803, did defendants Farms, LLC, Torres, and/or G, LLC disclose to the named plaintiffs identified in ¶¶8-9 above and the members of the class and each subclass defined in ¶63 and ¶¶63(a)-(b) above that defendant Farms, LLC, Torres, and/or G, LLC would pay all promised wages when due on the employee's regular payday for the wages earned in the workweek just completed pursuant to 20 C.F.R. §§ 655.122(k) and 655.122(m) at the higher of the wage earnings paid for piece work at the rate of $0.45 per 5/8 bushel bucket or an average of no less than $10.32 per hour even though the work was performed on a piece rate basis at $0.45 per 5/8 bushel bucket, depending upon which was higher?

(d)   For 2016, pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2) and 13

N.C.A.C. Tit. 12 § .0803, did defendants Farms, LLC and/or 5 G, LLC disclose to the named plaintiffs identified in ¶10 above and the members of the class and each subclass defined in ¶63 and ¶¶63(c) above that defendant Farms, LLC and/or 5 G, LLC would pay all promised wages when due on the employee's regular payday for the wages earned in the workweek just completed pursuant to 20 C.F.R. §§ 655.122(k) and 655.122(m) at the higher of the wage earnings paid for piece work at the rate of $0.50 per 5/8 bushel bucket or an average of no less than $10.72 per hour even though the work was performed on a piece rate basis at $0.50 per 5/8 bushel bucket, depending upon which was higher?

(e)  In either 2015 or 2016, or both, did defendants Farms, LLC, Torres, G, LLC, and/or 5 G, LLC violate the wage payment provisions of N.C.Gen.Stat. § 95-25.6 of the North Carolina Wage and Hour Act ("NCWHA") applicable to the named plaintiffs in ¶¶8-10 above and the class and subclasses defined in ¶¶63 and 63(a)-(c) above by failing to pay all wages when those wages were due at the hourly rate that one or more of those same defendants disclosed to them for all hours worked hand harvesting sweet potatoes on a piece rate basis?

(f)  In either 2015 or 2016, or both, did defendants Farms, LLC, Torres, G, LLC, and/or 5 G, LLC violate the wage payment provisions of N.C.Gen.Stat. § 95-25.6 of the North Carolina Wage and Hour Act ("NCWHA") applicable to the named plaintiffs in ¶¶8-10 above and the class and subclasses defined in ¶¶63 and 63(d)-(f) above by failing to pay all wages when those wages were due on the employee's regular payday for the wages earned in the workweek just completed pursuant to 20 C.F.R. §§ 655.122(k) and 655.122(m) at the rate that one or more of those same defendants disclosed to them for all hours worked hand harvesting sweet potatoes in either 2015 or 2016, or both?

66. The claims in the Third Claim for Relief under the clearance order contract by the named plaintiffs identified in ¶¶63(a)-63(f) are typical of the claims of the members of the class and subclasses identified in ¶¶63 and 63(a)-63(c) above, and those typical, common claims predominate over any questions affecting only individual class and subclass members. The named plaintiffs identified in those same paragraphs have the same interests as other members of the class and subclasses defined in ¶63 and 63(a)-63(f) above and will vigorously prosecute these interests on behalf of the class and subclasses defined in ¶¶63 and 63(a)-63(f) above.

67. The named plaintiffs identified in ¶¶63 and 63(a)-63(f) will fairly and adequately represent the interests of the class and subclasses defined in ¶¶63 and 63(a)-63(f) above.

68. The undersigned counsel Robert J. Willis of the Law Office of Robert J. Willis, P.A. for the named plaintiffs identified in ¶¶63 and 63(a)-63(f) is an experienced litigator who has been named counsel for several class actions. Plaintiffs' counsel is prepared to advance litigation costs necessary to vigorously litigate this action and to provide notice to the members of the class and subclasses defined in ¶¶63 and 63(a)-63(f) under Rule 23(b)(3).

69. A class action under Rule 23(b)(3) is superior to other available methods of adjudicating this controversy because, *inter alia*:

(a) The common issues of law and fact, as well as the relatively small size of the individual claims of each member of the class and subclasses defined in ¶¶63 and 63(a)-63(f) above, substantially diminish the interest of members of the class and subclasses defined in ¶¶63 and 63(a)-63(f) in individually controlling the prosecution of separate actions;

(b) Many members of the class and subclasses defined in ¶¶63 and 63(a)-63(f) are unaware of their rights to prosecute these claims and lack the means or resources to secure legal assistance;

(c) There has been no litigation already commenced against any individual defendant or corporate defendant named in this action by the members of the class and subclasses defined in ¶¶63 and 63(a)63(f) above to determine the questions presented;

(d) It is desirable that the claims be heard in this forum because all defendants reside in this district and the cause of action arose in this district;

(e) A class action can be managed without undue difficulty because all defendants regularly committed the violations complained of herein, and were required to and did maintain detailed records concerning each member of the class and subclasses defined in ¶¶63 and 63(a)-63(f) above.

IX. RULE 23(b)(3) CLASS ALLEGATIONS (AWPA)

70. The Fourth Claim for Relief is brought under the AWPA by named plaintiffs Adan Lopez, Francisco Mendez, Ezequiel Aburto-Hernandez, and Alejandro Martinez-Mendez on behalf of themselves and all other similarly situated persons pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

71. In the Fourth Claim for Relief based on the AWPA, the four (4) named plaintiffs identified in ¶70 above seek to represent a class consisting of all migrant and seasonal agricultural workers (as the terms "migrant agricultural worker" and "seasonal agricultural worker" are defined in 29 U.S.C. §§ 1802(8) and 1802(10) and 29 C.F.R. §§ 500.20(p) and 500.20(r)) who performed temporary or seasonal work in agriculture when they were either directly employed by Farms, LLC

36

and/or Produce, LLC or jointly employed by one or more of those same two (2) defendants and farm labor contractors Torres, Ismael, Pacheco, Inc., Hugo Martinez, and/or Maria Garcia-Pineda at any time in the three (3) year time period immediately preceding the date on which this action was filed and continuing thereafter until the date on which final judgment is filed in this action. Except as otherwise alleged, this class consists of the following subclasses and, unless otherwise specified, for each separate agricultural season that occurred in that same time period:

(a)   In 2016, named plaintiffs Adan Lopez, Francisco Mendez, and Alejandro Martinez-Mendez and those workers that those same three (3) named plaintiffs seek to represent pursuant to Rule 23(b)(3) to whom defendant Farms, LLC and defendant Cirila Garcia-Pineda failed to pay weekly wages that were due when they were due for all hours worked when they were directly employed by defendant Farms, LLC or jointly employed defendant Farms, LLC and farm labor contractor Cirila Garcia-Pineda to perform the "corresponding employment" field work that is described in ¶¶7 and 30 above when the gross compensation paid did not equal or exceed the higher of the product of a piece rate of $0.50 per 5/8 bushel bucket for all buckets picked in each workweek in 2016 or the produce of all hours worked and the average of $10.72 per hour in violation of 29 U.S.C. §§ 1822(a) and 1832(a), and

(b)   Named plaintiff Ezequiel Aburto-Hernandez and those migrant or seasonal agricultural workers that named plaintiff Aburto-Hernandez seeks to represent pursuant to Rule 23(b)(3) that are described in ¶52 above to whom defendants Farms, LLC and/or Produce, LLC failed to pay weekly wages when those wages were due for any workweek ending at any time in the three (3) year time period immediately preceding the date on

37

which this action for all hours worked when they were jointly employed by defendant Produce LLC and defendant farm labor contractor Hugo Martinez and were not paid at the hourly rate required by 29 U.S.C. § 207(a)(1) for the hours they performed work totaling in excess of 40 hours in the same workweek when all or some part of those hours worked were performed in connection with the defendant Produce LLC's sweet potato packing house to process or pack sweet potatoes that were produced by person(s) or business entities other than Farms, LLC and/or Produce, LLC, or some combination or totally-owned affiliate of one or both of those two named defendants in violation of 29 U.S.C. §§ 1822(a) and/or 1832(a), and

(c) in 2015 on and after July 1, 2015, named plaintiffs Adan Lopez, Francisco Mendez, Alejandro Martinez-Mendez, Ezequiel Aburto-Hernandez, and those migrant or seasonal agricultural workers that those same four (4) named plaintiffs seek to represent pursuant to Rule 23(b)(3) to whom defendants Farms, LLC, Torres, Cirila Garcia-Pineda, Ismael, and Pacheco, Inc. failed to provide to those same four (4) named plaintiffs and the workers they seek to represent itemized written wage statements that accurately stated the number of hours worked for each pay period that each such named plaintiff and class member was employed by one or more of those same defendants in violation of 29 U.S.C. § 1821(d)(2) and/or 1831(c)(2) for all hours worked when they were jointly employed by defendant Farms, LLC and farm labor contractor defendants Ismael, Pacheco, Inc., Cirila Garcia-Pineda, and Torres to perform agricultural employment by one or more of those same defendants, and

(d) in 2015 on or after July 1, 2015, named plaintiffs Adan Lopez, Francisco Mendez, Alejandro Martinez-Mendez, Ezequiel Aburto-

Hernandez, and those migrant or seasonal agricultural workers that those same four (4) named plaintiffs seek to represent pursuant to Rule 23(b)(3) for whom defendants Farms, LLC, Torres, Cirila Garcia-Pineda, Ismael, and Pacheco, Inc. failed to maintain for those same four (4) named plaintiffs and the workers they seek to represent written wage records that accurately stated the number of hours worked for each pay period that each such named plaintiff and class member was employed by one or more of those same defendants in violation of 29 U.S.C. § 1821(d)(2) and/or 1831(c)(2) for all hours worked when they were jointly employed by defendant Farms, LLC and farm labor contractor defendants Ismael, Pacheco, Inc., Cirila Garcia-Pineda, and Torres to perform agricultural employment by one or more of those same defendants, and

(e) in 2016, named plaintiffs Adan Lopez, Francisco Mendez, Alejandro Martinez-Mendez, and Ezequiel Aburto-Hernandez and those migrant or seasonal agricultural workers that those same four (4) named plaintiffs seek to represent pursuant to Rule 23(b)(3) to whom defendants Farms, LLC and Cirila Garcia-Pineda failed to provide to those same four (4) named plaintiffs and the workers they seek to represent itemized written wage statements that accurately stated the number of hours worked for each pay period that each such named plaintiff and class member was employed by one or more of those same defendants in violation of 29 U.S.C. § 1821(d)(2) and/or 1831(c)(2) for all hours worked when they were jointly employed by defendant Farms, LLC and farm labor contractor defendant Cirila Garcia-Pineda to perform agricultural employment by one or more of those same defendants, and

(f) in 2016, named plaintiffs Adan Lopez, Francisco Mendez, Alejandro Martinez-Mendez, and Ezequiel Aburto-Hernandez and those

migrant or seasonal agricultural workers that those same four (4) named plaintiffs seek to represent pursuant to Rule 23(b)(3) for whom defendants Farms, LLC and Cirila Garcia-Pineda failed to maintain for those same four (4) named plaintiffs and the workers they seek to represent written wage records that accurately stated the number of hours worked for each pay period that each such named plaintiff and class member was employed by one or more of those same defendants in violation of 29 U.S.C. § 1821(d)(2) and/or 1831(c)(2) for all hours worked when they were jointly employed by defendant Farms, LLC and farm labor contractor defendant Cirila Garcia-Pineda to perform agricultural employment by one or more of those same defendants, and

(g)  in 2015 on and after July 1, 2015, at the time that defendants Farms, LLC, Torres, Cirila Garcia-Pineda, Ismael, and Pacheco, Inc. recruited named plaintiffs Adan Lopez, Francisco Mendez, Alejandro Martinez-Mendez, Ezequiel Aburto-Hernandez, and those migrant agricultural workers that those same four (4) named plaintiffs seek to represent pursuant to Rule 23(b)(3), those same named defendants failed to ascertain and disclose accurate information in writing information as to the actual wage rates to be paid to those same named plaintiffs and those migrant agricultural workers that those same four (4) named plaintiffs seek to represent in violation of 29 U.S.C. § 1821(a)(2) for all crops and activities on which those workers may be employed when they were jointly employed by defendant Farms, LLC and farm labor contractor defendants Ismael, Pacheco, Inc., Cirila Garcia-Pineda, and Torres to perform agricultural employment for one or more of those same defendants, and

(h)  in 2016, at the time that defendants Farms, LLC and Cirila Garcia-Pineda recruited named plaintiffs Adan Lopez, Francisco Mendez,

40

Alejandro Martinez-Mendez, and Ezequiel Aburto-Hernandez, and those migrant agricultural workers that those same four (4) named plaintiffs seek to represent pursuant to Rule 23(b)(3), those same named defendants failed to ascertain and disclose accurate information in writing information as to the actual wage rates to be paid to those same named plaintiffs and those migrant agricultural workers that those same four (4) named plaintiffs seek to represent in violation of 29 U.S.C. § 1821(a)(2) for all crops and activities on which those workers may be employed when they were jointly employed by defendant Farms, LLC and farm labor contractor defendant Cirila Garcia-Pineda to perform agricultural employment for one or more of those same defendants, and

(i)     in 2015, on or after July 1, 2015, for named plaintiffs Adan Lopez, Francisco Mendez, Alejandro Martinez-Mendez, Ezequiel Aburto-Hernandez, and those migrant and seasonal agricultural workers that those same four (4) named plaintiffs seek to represent pursuant to Rule 23(b)(3), defendants Farms, LLC, Torres, Cirila Garcia-Pineda, Ismael, and Pacheco, Inc. violated, without justification, the working arrangement they had with those same workers to pay all applicable wage taxes in a timely manner on the wages that one or more of those same named defendants paid to those same workers that they jointly employed during that same time period in violation of 29 U.S.C. §§ 1822(c) and 1832(c), and

(j)     in 2016, for named plaintiffs Adan Lopez, Francisco Mendez, Alejandro Martinez-Mendez, and Ezequiel Aburto-Hernandez and those migrant and seasonal agricultural workers that those same four (4) named plaintiffs seek to represent pursuant to Rule 23(b)(3), defendants Farms, LLC and Cirila Garcia-Pineda violated, without justification, the working arrangement they had with those same workers

41

to pay all applicable wage and FICA taxes in a timely manner on the wages that one or more of those same named defendants paid to those same workers that they jointly employed during that same time period in violation of 29 U.S.C. §§ 1822(c) and 1832(c), and

(k) in 2015, on or after July 1, 2015, for named plaintiffs Adan Lopez, Francisco Mendez, Alejandro Martinez-Mendez, and Ezequiel Aburto-Hernandez and those migrant and seasonal agricultural workers that those same four (4) named plaintiffs seek to represent pursuant to Rule 23(b)(3), defendants Farms, LLC used farm labor contractor Cirila Garcia-Pineda to furnish those same workers to defendant Farms, LLC when the defendant Farms, LLC did not first take reasonable steps to determine that farm labor contractor Cirila Garcia-Pineda possessed a certificate of registration which was valid and which authorized that same farm labor contractor to engage in that same farm labor contracting activity in 2015 on or after July 1, 2015 in violation of 29 U.S.C. § 1842, and

(l) in 2016, for named plaintiffs Adan Lopez, Francisco Mendez, Alejandro Martinez-Mendez, and Ezequiel Aburto-Hernandez and those migrant and seasonal agricultural workers that those same four (4) named plaintiffs seek to represent pursuant to Rule 23(b)(3), defendants Farms, LLC used farm labor contractor Cirila Garcia-Pineda to furnish those same workers to defendant Farms, LLC when the defendant Farms, LLC did not first take reasonable steps to determine that farm labor contractor Cirila Garcia-Pineda possessed a certificate of registration which was valid and which authorized that same farm labor contractor to engage in that same farm labor contracting activity in 2016 in violation of 29 U.S.C. § 1842, and

(m) in 2015 on and after July 1, 2015, named plaintiffs Adan

Lopez, Francisco Mendez, Ezequiel Aburto-Hernandez, and those migrant or seasonal agricultural workers that those same four (4) named plaintiffs seek to represent pursuant to Rule 23(b)(3) to whom defendants Farms, LLC, Torres, Cirila Garcia-Pineda, Ismael, and Pacheco, Inc. failed to pay all wages when due to each of those same workers when those same defendants paid those workers weekly wages which were the lower of the product of the number of sweet potato units or buckets harvested by each such worker and the applicable piece rate for each such unit or bucket of sweet potatoes compared to the product of the total actual hours worked in the harvest of those sweet potatoes and the required or promised hourly wage rate for that same harvest work.

(n) in 2016, named plaintiffs Adan Lopez, Francisco Mendez, Alejandro Martinez-Mendez, Ezequiel Aburto-Hernandez and those migrant or seasonal agricultural workers that those same four (4) named plaintiffs seek to represent pursuant to Rule 23(b)(3) to whom defendants Farms, LLC and Cirila Garcia-Pineda failed to pay all wages when due to each of those same workers when those same defendants paid those workers weekly wages which were the lower of the product of the number of sweet potato units or buckets harvested by each such worker and the applicable piece rate for each such unit or bucket of sweet potatoes compared to the product of the total actual hours worked in the harvest of those sweet potatoes and the required or promised hourly wage rate for that same harvest work.

(o) In 2016, as alleged in ¶6 above and 80 below, defendants Farms, LLC, defendants Cirila Garcia-Pineda and Farms, LLC failed to pay all wages when due in violation of 29 U.S.C. § 1822(a) and 1832(a) to named plaintiffs Alejandro Martinez-Mendez, Adan Lopez, and Francisco

43

Lopez, and the migrant and seasonal agricultural workers described in ¶¶30, 54-55, and 55(h) above that they seek to represent to work and perform corresponding employment in 2016 in the hand harvest of sweet potatoes on a piece rate basis of $0.45 per 5/8 bushel bucket with without any guaranteed minimum of $10.72 per hour for the periods of time described in ¶¶6 and 28 above, and 80 below when H-2A workers who were jointly and severally employed by 5 G, LLC and Farms, LLC were compensated on a piece rate basis of $0.50 per bushel bucket with a guaranteed minimum of $10.72 per hour to perform sweet potato hand harvest work pursuant to an H-2A labor certification and H-2A visas issued in 2016 to 5 G, LLC, the joint employer of those workers.

72. The class and each subclass alleged in ¶¶71(a)-(o) above are so numerous and so geographically dispersed as to make joinder impractical for the same reasons alleged in ¶56 above.

73. There are questions of law and fact common to the class and each of the subclasses alleged in ¶¶71(a)-(o) above. These common legal and factual questions are, among others:

(a) For each separate agricultural season that occurred in the time period described in ¶71 above, did all defendants who are named in the class and subclasses alleged in ¶¶71 and 71(a)-(o) employ or jointly employ the named plaintiffs and the persons described in the class and subclasses in ¶¶71 and 71(a)-(o) above as migrant or seasonal agricultural workers under the AWPA for the time periods and years alleged in those same paragraphs?

(b) For each agricultural season that occurred in the time period described in ¶71 above, for the migrant and seasonal agricultural workers described in ¶¶71, 71(c), and 71(d) above, did all defendants named in ¶¶71(c)-71(f) violate the recordkeeping and wage statement

provisions of 29 U.S.C. §§ 1821(d)(1)(C), 1821(d)(2), 1831(c)(1)(C), and 1831(c)(2) of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA") applicable to all named plaintiffs and the class and subclasses defined in ¶¶71, 71(c)-71(f) above by failing to disclose, make, and preserve wage statements and records which accurately disclosed and recorded the hours worked for all named plaintiffs identified in ¶¶71(c)-71(f) above and the members of the class and subclasses defined in ¶¶71(c)-71(f) above?

(c) For each separate agricultural season that occurred in time period described in ¶71 above, did all defendants named in ¶¶71(i)-71(j) violate the rights of all named plaintiffs identified in those same two paragraphs and the members of the class and subclasses defined in ¶¶71, 71(i)-71(j) above with respect to the violation of the working arrangement described in those same paragraphs by those same defendants in violation of 29 U.S.C. §§ 1822(c) and 1832(c) in the manner alleged in ¶¶71(i) and 71(j) above?

(d) For each separate agricultural season that occurred in the time period described in ¶71 above and in ¶¶71(a)-71(b), and 71(m)-(o), for the migrant and seasonal agricultural workers described in ¶¶71, 71(a)-71(b), and 71(m)-(o) above, did all defendants named in ¶¶71(a)-71(b) and 71(m)-71(o) fail to pay all wages when due in violation of 29 U.S.C. §§ 1822(a) and 1832(a) of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA") applicable to all named plaintiffs and the class and subclasses defined in ¶¶71, 71(a)-71(b), and 71(m)-71(o) above by engaging in the payment practice described in ¶¶71(a)-71(b) and 71(m)-71(o) above?

(e) for each separate agricultural season that occurred in time period described in ¶71 above, did all defendants violate the rights of

named plaintiffs Adan Lopez, Francisco Mendez, Alejandro Martinez-Mendez, Ezequiel Aburto-Hernandez, and the members of the class and subclasses defined in ¶¶71 and 71(g)-71(h) above under work disclosure requirements of 29 U.S.C. § 1821(a)(2) as described in ¶¶71 and 71(g)-71(h) above in the manner alleged in ¶¶71(g) and 71(h) above?

(f)  for each separate agricultural season that occurred in the time period alleged in ¶71 above, did the defendants named in ¶¶71(k)-71(l) violate the rights of plaintiffs Adan Lopez, Francisco Mendez, Alejandro Martinez-Mendez, Ezequiel Aburto-Hernandez and the members of the class and subclass defined in ¶¶71 and 71(k)-71(l) above with respect to the required verification of the farm labor contractor's certificate of registration called for by 29 U.S.C. § 1842 as described in ¶¶71(k)-(l) above in the manner alleged in ¶¶71(k)-(l) above.

73-a. The claims of the named plaintiffs in the Fifth Claim for Relief are typical of the claims of the members of the class and subclasses defined in ¶¶71 and 71(a)-(o) above, and those typical, common claims predominate over any questions affecting only individual class and/or subclass members.  The named plaintiffs have the same interests as to other members of the class and subclasses defined in ¶¶71 and 71(a)-(o) above and will vigorously prosecute these interests on behalf of the class and subclasses defined in ¶¶71 and 71(a)-(o) above.

73A.  The named plaintiffs identified in ¶¶71 and 71(a)-91(o) above will fairly and adequately represent the interests of the class and subclasses defined in ¶¶71 and 71(a)-71(o) above.

74.  The undersigned counsel Robert J. Willis of the Law Office of Robert J. Willis, P.A. for all Plaintiffs identified in ¶¶71 and 71(a)-71(o) above is an experienced litigator who has been named counsel for

several class actions. Plaintiffs' counsel is prepared to advance litigation costs necessary to vigorously litigate this action and to provide notice to the members of the class and subclasses defined in ¶¶71 and 71(a)-71(o) above under Rule 23(b)(3).

75. The reasons, *inter alia*, that a class action under Rule 23(b)(3) is superior to other available methods of adjudicating the controversy alleged with respect to the class and subclasses defined in ¶¶71 and 71(a)-(o) above are materially identical to those alleged in ¶69(a)-(e) above with respect to the class and subclasses defined in ¶¶71 and 71(a)-(o) above.

XII. <u>FLSA COLLECTIVE ACTION #2 (§ 206(a))(FLSA)</u>

76. In 2015 and 2016, named plaintiff H-2A workers Elena Rafael-Peralta, José Jimenez-Olivarez, José Pablo Sandoval-Montalvo and those other H-2A workers who are named or described in ¶¶9-10, 26-27, and 29 above of this Complaint maintain this action against the defendant Farms, LLC and the defendant farm labor contractors identified in ¶¶8-10, 26-27, and 29 above for and in behalf of themselves and all other similarly situated persons who were jointly employed by defendant Farms, LLC and one or more of the farm labor contractor defendants described in ¶¶8-10, 26-27, and 29 above to hand harvest sweet potatoes in fields in or around Greene County, North Carolina that were owned or controlled by defendant Farms, LLC.

77. This collective action is for those H-2A workers described in ¶76 above who suffered a *de facto* wage deduction by those same defendants which reduced the net hourly wage of those same H-2A workers below the $7.25 per hour required by law for each such H-2A worker's weekly wage.

78. In the three (3) year time period immediately preceding the

date on which any such person files a Consent to Sue in this action pursuant to 29 U.S.C. §216(b), and ending with the date final judgment is entered in this action, the defendant Farms, LLC and the farm labor contractor defendants identified in ¶¶8-10, 26-27, and 29 above shifted the entire cost of all inbound employment expenses and other expenses that were a term and condition of each worker's joint employment described in ¶76 above onto these named plaintiffs and the group of employees of the defendant Foods., LLC and the farm labor contractor defendants described in ¶76 above. Those inbound employment expenses included bus transportation within the nation of Mexico, bus transportation within the United States, hotel fees that were required because these plaintiffs were forced to wait in Monterrey, Mexico for at least one 24-hour period before they were allowed to obtain processing for their visa interviews, the cost of subsistence food purchased in the United States at 13 times or more the cost for that same subsistence food had it been purchased in the Republic of Mexico during the inbound journey, and the cost of the border crossing fee required by the U.S. government.

79.   The defendant employer Farms, LLC and the defendant farm labor contractors referred to in ¶¶8-10, 26-27, and 29 of this Complaint willfully and recklessly shifted the entire cost of all inbound employment expenses and other expenses that were a term and condition of each worker's joint employment described in ¶76 above onto these named plaintiffs and the group of joint employees of the defendant Farms, LLC and the farm labor contractor defendant described in ¶76 above.

XI.   FACTUAL ALLEGATIONS

80.   In 2015, on and after July 1, 2015, and/or in 2016, to the extent and in the manner alleged in ¶¶6-10, 12-24, inclusive, 26-30, 48-

48

49, 51-52, and 56-57 above, defendant Farms, LLC, defendant Produce, LLC, and the defendant farm labor contractor defendants described in ¶¶12-30, inclusive, above directly, jointly and severally employed in the manner described in ¶¶6-11, 12-18, inclusive, 24, 26-30, 30-33A through 53, inclusive above all of the named plaintiffs identified in ¶¶6-11 above and the members of the collective actions, classes, and subclasses of migrant and seasonal agricultural workers described in ¶¶50-51, 54-55, 62-63, 70-71, and 76-79 to perform seasonal labor in the processing and packing of sweet potatoes in a packing shed and/or the hand harvest of sweet potatoes for the time periods and years described in those same paragraphs of the Complaint.  81.

81.  During the time period described in ¶¶50-51 above, defendant Produce, LLC and farm labor contractor Hugo Martinez jointly or severally employed named plaintiff Aburto-Hernandez and, upon information and belief, in excess of twenty (20) other employees who did not have H-2A visas to pack and process sweet potatoes for in excess of 40 hours in the same workweek in at least two (2) different workweeks that occurred in each calendar year in the years 2016 and in 2017 when all or some part of those hours worked were and/or will be performed in connection with the defendant Produce LLC's sweet potato packing house to process or pack sweet potatoes that were and will be produced by person(s) or business entities other than Farms, LLC and/or Produce, LLC, or some combination or totally-owned affiliate of one or both of those two named defendants.

82.  In the at least two workweeks that occurred in December 2016 and January 2017 that are described in in ¶81 above, defendant Produce, LLC and farm labor contractor Hugo Martinez willfully failed to pay named plaintiff Aburto-Hernandez and the members of the collective

49

action defined in ¶¶50-51 above wages free and clear on or before their regular payday for each workweek for the work they performed in excess of 40 hours in those same workweeks for that same work that are described in ¶¶50-52 above at the overtime rate required by 29 U.S.C. § 207(a)(1) for each hour worked or part of an hour that named plaintiff Aburto-Hernandez and each member of this collective action worked in excess of 40 hours during each of those same workweeks. That failure was in reckless disregard of the rights of those employees under § 207 of the FLSA when both Produce, LLC and farm labor contractor Martinez knew, from long experience as employers covered by federal wage and hour laws, that such work required payment at the overtime rate required by 29 U.S.C. § 207(a)(1).

83. In 2015 on or after July 1, 2015, defendant Farms, LLC and defendant farm labor contractors Torres, Pacheco, Inc., and/or Ismael jointly and severally employed named plaintiffs Adan Lopez, Francisco Mendez, and Elena Rafael-Peralta and the class and subclasses of workers described in ¶¶22, 26, 54, 55(a), 71, and 71(c) to perform the work that is described in ¶¶22, ¶26, 54, 55(a), 71, and 71(c).

84. In 2015 on or after July 1, 2015, defendant Farms, LLC and defendant farm labor contractors Torres, Pacheco, Inc., and/or Ismael did not pay an hourly wage to the plaintiffs and workers described in the immediately preceding paragraph of this complaint that averaged at least $10.32/hour per workweek's wages for all hours worked for at least two (2) separate workweeks that those same defendants jointly and severally suffered or permitted those workers to work in the hand harvest of sweet potatoes on a piece rate basis in fields that were owned or controlled by Farms, LLC in 2015 because the gross amount that they paid those workers on the piece rate basis was less than the

50

minimum rate of $10.32/hour for all hours worked.

85. In 2015 on or after July 1, 2015, defendants Farms, LLC and farm labor contractor Cirila Garcia-Pineda jointly suffered or permitted named plaintiff Ezequiel Aburto-Hernandez and the workers who are described in ¶¶23, 28, 54, 55(b), 71, and 71(b) above to work in the hand harvest of sweet potatoes on a piece rate basis in fields that were owned or controlled by Farms, LLC in 2015.

86. In 2015 on or after July 1, 2015, defendant Farms, LLC and defendant farm labor contractor Cirila Garcia-Pineda did not pay an hourly wage to the plaintiff and workers described in the immediately preceding paragraph of this complaint that averaged at least $10.32/hour per workweek's wages for all hours worked for at least two (2) separate workweeks that those same defendants jointly and severally suffered or permitted those workers to work in the hand harvest of sweet potatoes on a piece rate basis in fields that were owned or controlled by Farms, LLC in 2015 because the gross amount that they paid those workers on the piece rate basis was less than the minimum rate of $10.32/hour for all hours worked.

87. In 2015, on or after July 1, 2015, defendant Farms, LLC and defendant farm labor contractor RGT and G, LLC jointly suffered or permitted the named plaintiffs José Jimenez-Olivares and the H-2A workers who are described in ¶¶27, 54, 55(c), 63, and 63(b) above to work in the hand harvest of sweet potatoes on a piece rate basis in fields that were owned or controlled by Farms, LLC in 2015.

88. In 2015 on or after July 1, 2015, defendant Farms, LLC and defendant farm labor contractors RGT and G, LLC did not pay an hourly wage to the plaintiff and workers described in the immediately preceding paragraph of this complaint that averaged at least

$10.32/hour per workweek's wages for all hours worked for at least two (2) separate workweeks that those same defendants jointly and severally suffered or permitted those workers to work in the hand harvest of sweet potatoes on a piece rate basis in fields that were owned or controlled by Farms, LLC in 2015 because the gross amount that they paid those workers on the piece rate basis was less than the minimum rate of $10.32/hour for all hours worked.

89. In 2016 defendants Farms, LLC and farm labor contractor Cirila Garcia-Pineda jointly suffered or permitted named plaintiff Ezequiel Aburto-Hernandez and the workers who are described in ¶¶23, 30, 54, 55(d), 71, and 71(a) above to work in the hand harvest of sweet potatoes on a piece rate basis in fields that were owned or controlled by Farms, LLC in 2016.

90. In 2016, defendant Farms, LLC and defendant farm labor contractor Cirila Garcia-Pineda did not pay an hourly wage to the plaintiff and workers described in the immediately preceding paragraph of this complaint that averaged at least $10.72/hour per workweek's wages for all hours worked for at least two (2) separate workweeks that those same defendants jointly and severally suffered or permitted those workers to work in the hand harvest of sweet potatoes on a piece rate basis in fields that were owned or controlled by Farms, LLC in 2016 because the gross amount that they paid those workers on the piece rate basis was less than the minimum rate of $10.72/hour for all hours worked.

91. In 2016 defendants Farms, LLC and farm labor contractors RGT and 5 G, LLC jointly suffered or permitted named plaintiffs José Pablo Sandoval-Montalvo and the workers who are described in ¶¶29, 54, and 55(e), 63, and 63(c) above to work in the hand harvest of sweet

potatoes on a piece rate basis in fields that were owned or controlled by Farms, LLC in 2016.

92. In 2016, defendant Farms, LLC and defendant farm labor contractors RGT and 5 G, LLC did not pay an hourly wage to the plaintiff and workers described in the immediately preceding paragraph of this complaint that averaged at least $10.72/hour per workweek's wages for all hours worked for at least two (2) separate workweeks that those same defendants jointly and severally suffered or permitted those workers to work in the hand harvest of sweet potatoes on a piece rate basis in fields that were owned or controlled by Farms, LLC in 2016 because the gross amount that they paid those workers on the piece rate basis was less than the minimum rate of $10.72/hour for all hours worked.

93. In 2015 on or after July 1, 2015, defendants Farms, LLC and farm labor contractors RGT and G, LLC jointly suffered or permitted named plaintiffs José Jimenez-Olivares and the workers who are described in ¶¶27, 54, 55(f), 63, and 63(e) above to work in the hand harvest of sweet potatoes on a piece rate basis in fields that were owned or controlled by Farms, LLC in 2016.

94. In 2015, on or after July 1, 2015, defendant Farms, LLC and defendant farm labor contractors RGT and 5 G, LLC did not pay an hourly wage to the plaintiff and workers described in the immediately preceding paragraph of this complaint all promised wages when they were due on their regular weekly payday for the wages earned in the workweek just completed pursuant to 20 C.F.R. § 655.122(k) and 655.122(m) at an hourly wage rate that averaged $10.32/hour per workweek's wages for all hours worked for at least two (2) separate workweeks because those same defendants held back at least one week's

53

pay as part of their semana de fondo (week in reserve) wage payment system that was not disclosed in their written clearance order contract of employment with these workers.

95. In 2015 on or after July 1, 2015, defendants Farms, LLC and farm labor contractors RGT and G, LLC jointly suffered or permitted named plaintiffs Elena Rafael-Peralta, José Jimenez-Olivares, and the workers who are described in ¶¶26, 54, 55(f), 63, and 63(d) above to work in the hand harvest of sweet potatoes on a piece rate basis in fields that were owned or controlled by Farms, LLC in 2016.

96. In 2015, on or after July 1, 2015, defendant Farms, LLC and defendant farm labor contractors Torres, Pacheco, Inc., and Ismael did not pay an hourly wage to the plaintiff Elena Rafael Peralta and the workers described in the immediately preceding paragraph of this complaint all promised wages when they were due on their regular weekly payday for the wages earned in the workweek just completed pursuant to 20 C.F.R. § 655.122(k) and 655.122(m) at an hourly wage rate that averaged $10.32/hour per workweek's wages for all hours worked for at least two (2) separate workweeks because those same defendants held back at least one week's pay as part of their semana de fondo (week in reserve) wage payment system that was not disclosed in their written clearance order contract of employment with these workers.

97. In 2016, defendants Farms, LLC and farm labor contractors RGT and 5 G, LLC jointly suffered or permitted named plaintiffs José Pablo Sandoval-Montalvo and the workers who are described in ¶¶29, 54, 55(g), 63, and 63(c) above to work in the hand harvest of sweet potatoes on a piece rate basis in fields that were owned or controlled by Farms, LLC in 2016.

98. In 2016 defendant Farms, LLC and defendant farm labor contractors RGT and 5 G, LLC did not pay an hourly wage to the plaintiff and workers described in the immediately preceding paragraph of this complaint all promised wages when they were due on their regular weekly payday for the wages earned in the workweek just completed pursuant to 20 C.F.R. § 655.122(k) and 655.122(m) at an hourly wage rate that averaged $10.32/hour per workweek's wages for all hours worked for at least two (2) separate workweeks because those same defendants held back at least one week's pay as part of their semana de fondo (week in reserve) wage payment system that was not disclosed in their written clearance order contract of employment with these workers.

99. In 2016, defendant Farms, LLC and the defendant farm labor contractors Cirila Garcia-Pineda jointly suffered or permitted the named plaintiffs Adan Lopez, Francisco Mendez, and Alejandro Martinez-Mendez, and the workers who are described in ¶¶23, 30, 54, 55(h), 71, and 71(o) above to do "corresponding employment" work in the hand harvest of sweet potatoes on a piece rate basis in fields that were owned or controlled by Farms, LLC in 2016.

100. In 2016, defendant Farms, LLC and defendant farm labor contractor Cirila Garcia-Pineda did not pay a weekly wage to the plaintiff and workers described in the immediately preceding paragraph of this complaint when that wage was due that was **the higher** of the product of the number of hours worked multiplied by $10.72/hour **or** the product of the total number of 5/8 bushel buckets harvested for each workweek that those workers were so employed multiplied by $0.50 per 5/8 bushel bucket as required by N.C.Gen.Stat. §95-25.6.

101. The plaintiffs described in the immediately preceding

paragraph of this Complaint were not paid all promised wages when they were due in 2016 on their regular weekly payday for the wages earned in the workweeks that are described in the immediately preceding paragraph of this Complaint.

101A. The plaintiffs described in the immediately preceding paragraph and referred to in the immediately preceding paragraph were not paid all promised wages when they were due on their regular weekly payday for the wages earned in the workweek just completed pursuant to 20 C.F.R. § 655.122(k) and 655.122(m) at an hourly wage rate that averaged at least $10.72/hour for all hours worked for each workweek that they were employed or jointly employed by defendant Howell and defendant farm labor contractor RGT and 5 G, LLC because those same defendants held back at least one week's pay as part of their semana de fondo (week in reserve) wage payment system that was not disclosed in their written clearance order contract of employment with these workers.

102. For the months of at least August, September, October, and November 2015, defendant RGT doing business as G, LLC contracted with, was paid a fee by, and actually furnished to Farms, LLC and other "fixed-site employers" and "fixed-site agricultural businesses" located within North Carolina pursuant to 20 C.F.R. §§ 655.103(b), 655.132(a), and 655.132(b)(1) approximately 500 additional workers with H-2A visas to hand harvest sweet potatoes and other agricultural commodities for those "fixed-site employers" in North Carolina after defendant RGT d/b/a G, LLC had already furnished those same H-2A workers to perform work for fixed-site employers in states other than North Carolina for which the adverse effect wage rate required by 29 C.F.R. §§ 655.122(l) and 655.120(a) was lower than that required for H-2A work in North Carolina.

103. After arrival in North Carolina to perform certain H-2A work for RGT, G, LLC, and 5 G, LLC and one or more fixed-site employers in North Carolina, defendants RGT, G, LLC and 5 G, LLC continued to compensate plaintiff Sandoval-Montalvo and the persons he seeks to represent that are defined in ¶27A and ¶27A above based upon the failure of RGT, G, LLC, and 5 G, LLC to pay him and his fellow H-2A workers who, like plaintiff Sandoval-Montalvo, were coming to North Carolina after doing H-2A work for these same defendants at a lower AEWR only to have RGT, G, LLC, 5 G, LLC and the fixed situs employers maintain his wages at that lower rate for his and their work in North Carolina.

104. After arrival in North Carolina to perform certain H-2A work for RGT, G, LLC, and 5 G, LLC and one or more fixed-site employers in North Carolina, defendants RGT, G, LLC and 5 G, LLC continued to compensate plaintiff Sandoval-Montalvo and the persons he seeks to represent as they are defined in ¶¶54 and 55(f)-55(g) based upon a completely inaccurate count of the total hours worked for the workweek. It was not uncommon to undercount the hours worked during a particular workweek by 10-20 hours. Accurate records of hours worked, start times for work, and stop time from work in each workweek or each workday were not kept by the defendant employer.

105. In 2015, on or after June 1, 2015, and in 2016, all defendants to date, all defendants failed to provide named plaintiffs Adan Lopez, Francisco Mendez, Ezequiel Aburto-Hernandez, Alejandro Martinez-Mendez, and the members of the classes defined in ¶¶54, 70, and 71(a)-71(o) above that they seek to represent with itemized wage statements containing an accurate statement of hours worked for any period in which the hours worked included any time period during which work was compensated on a piece work basis.

57

106. All defendants who suffered or permitted Adan Lopez, Francisco Mendez, Ezequiel Aburto-Hernandez, Alejandro Martinez-Mendez, and the members of the classes defined in ¶¶54, 70, and 71(a)-71(o) to do any form of work after June 1, 2015 through December 31,2016 failed to ascertain and disclose accurate information to those same workers in writing information as to the actual wage rates to be paid to those same four (4) named plaintiffs and those same migrant agricultural workers that those same four (4) named plaintiffs seek to represent in violation of 29 U.S.C. § 1821(a)(2) for all crops and activities on which those workers may be employed when they were jointly employed by defendant Farms, LLC and farm labor contractor defendants Ismael, Pacheco, Inc., Cirila Garcia-Pineda, and Torres to perform agricultural employment for one or more of those same defendants.

107. All defendants who suffered or permitted any migrant agricultural worker to do any work for them at any time after June 1, 2015 through December 31, 2016 violated, without justification, the working arrangement they had with those same workers to pay all applicable wage and FICA taxes in a timely manner on the wages that one or more of those same named defendants paid to those same workers that they jointly employed during that same time period in violation of 29 U.S.C. §§ 1822(c) and 1832(c).

108. In 2015, on or after June 1, 2015, and again in 2016, defendants Farms, LLC used farm labor contractor Cirila Garcia-Pineda to furnish those same workers to defendant Farms, LLC when the defendant Farms, LLC did not first take reasonable steps to determine that farm labor contractor Cirila Garcia-Pineda possessed a certificate of registration which was valid and which authorized that same farm labor contractor to engage in that same farm labor

58

contracting activity in 2015 on or after June 1, 2015 in violation of 29 U.S.C. § 1842.

109. In 2015 on and after June 1, 2015, defendants Farms, LLC, Torres, Cirila Garcia-Pineda, Ismael, and Pacheco, Inc. failed to pay all wages when due to each defendants Farms, LLC, Torres, Cirila Garcia-Pineda, Ismael, and Pacheco, Inc. failed to pay all wages when due to each named plaintiff when those same defendants paid off those same workers when those same defendants paid.

110. In 2015 and 2016, named plaintiff H-2A workers Elena Rafael-Peralta, José Jimenez-Olivarez, and those other H-2A workers who are named or described in ¶¶8-10, 26-27, and 29 above of this Complaint suffered *de facto* wage deductions by defendants RGT, G, LLC, 5 G, LLC, and Farms, LLC which reduced the net hourly wage of those same H-2A workers below the $7.25 per hour required by law for each such H-2A worker's weekly wage.

111. In the three (3) year time period immediately preceding the date on which any person or worker identified or referred to in ¶¶8-10, 26-27, and/or 29 above of this Complaint files a Consent to Sue in this action pursuant to 29 U.S.C. §216(b), and ending with the date final judgment is entered in this action, the defendant Farms, LLC, and farm labor contractor defendants Torres, RGT, G, LLC, 5 G, LLC identified in ¶¶8-10, 26-27, and 29 above shifted the entire cost of all inbound employment expenses and other expenses that were a term and condition of each worker's joint employment described in ¶76 above of this Complaint onto these same named plaintiffs and the group of employees of defendant Farms, LLC and the farm labor contractor defendants described in ¶76 above.

112. Those inbound employment expenses included bus transportation

59

within the nation of Mexico, bus transportation within the United
States, hotel fees that were required because these plaintiffs were
forced to wait in Monterrey, Mexico for at least one 24-hour period
before they were allowed to obtain processing for their visa interviews,
the cost of subsistence food purchased in the United States at 13 times
or more the cost for that same subsistence food had it been purchased in
the Republic of Mexico during the inbound journey, and the cost of the
border crossing fee required by the U.S. government.

113. The defendant employer Farms, LLC and the defendant farm
labor contractors referred to above willfully and recklessly shifted the
entire cost of all inbound employment expenses and other expenses that
were a term and condition of each worker's joint employment described in
¶76 above onto these named plaintiffs and the group of joint employees
of the defendant Farms, LLC and the farm labor contractor defendants
described in ¶76 above.

XII. <u>FIRST CLAIM FOR RELIEF</u> (FLSA OT claim – Produce, LLC)

114. Paragraphs 3 through 53 and 110-113 above are realleged and
incorporated herein by reference by the named plaintiffs Elena Rafael-
Peralta and José Jimenez-Olivarez and each member of the collective
action described in ¶¶50-51 above of this complaint that the named
plaintiff seek to represent pursuant to 29 U.S.C. §216(b) against all
defendants other than Pacheco, Inc., Hugo Martinez, Cirila Garcia-
Pineda, and Ismael.

115. The defendants did not pay and will not pay all wages due to
the named plaintiff and the collective group of persons defined in ¶¶50-
51 above of this complaint that the named plaintiff seeks to represent
under 29 U.S.C. §216(b) at the rate required by 29 U.S.C. § 207(a) for
the work described in ¶¶6-7, 11, 24, and 50-53 above of this Complaint.

116. As a result of these willful actions of the defendants in reckless disregard of the rights of the named plaintiff and each person who is a member of the class of persons defined in ¶9 above of this complaint under 29 U.S.C. §§206(a) and 207(a), the named plaintiffs Elena Rafael-Peralta and José Jimenez-Olivarez and each such class member have suffered and/or will suffer damages in the form of unpaid wages and liquidated damages that may be recovered under 29 U.S.C. §216(b).

XIII. SECOND CLAIM FOR RELIEF (NCWHA #1 against all defendants)

117. Paragraphs 3 through 49, 54-61, and 80-109, inclusive, above are realleged and incorporated herein by reference by all named plaintiffs and each member of the class and subclasses defined in ¶54-55 of this complaint that all named plaintiffs seek to represent pursuant to Rule 23(b)(3), Fed.R.Civ.P., against all defendants under the North Carolina Wage and Hour Act, N.C.Gen.Stat. §§ 95-25.1 *et seq*.

118. As alleged in ¶¶5-49, 54-61, and 80-109 above, all defendants violated their duty to all named plaintiffs and the class defined in ¶¶54-55 above to pay all wages under N.C.Gen.Stat. § 95-25.6 when those wages were due pursuant to the terms of the agreement and disclosures that are described in ¶¶80-109 above that all defendants made with all named plaintiffs and the members of the class and subclasses defined in ¶¶54 and 55 above.

119. As a result of the actions or omissions of all defendants that are described or referred to in ¶¶54-55, and 80 to 109 above of this complaint, the named plaintiff and each person who is a member of the class and subclasses defined in ¶54 and 55 above of this complaint have suffered damages in the form of unpaid wages and liquidated damages that may be recovered under N.C.Gen.Stat. §§ 95-25.6, 95-25.22(a), and

95-25.22(a1).

XIV. THIRD CLAIM FOR RELIEF (Clearance Order contract)

120. Paragraphs 3 through 49, 62-69, and 80-109, inclusive, above are realleged and incorporated herein by reference by all named plaintiffs and each member of the class and subclasses defined in ¶¶62-63 of this complaint that all named plaintiffs seek to represent pursuant to Rule 23(b)(3), Fed.R.Civ.P., against defendants Farms, LLC, RGT, Torres, G, LLC, and 5 G, LLC, under the common law of contracts.

121. As alleged in ¶¶62-63, and 80-109, inclusive, above, defendant Farms, LLC and defendant Produce, LLC are an enterprise and closely held corporation operated by defendant Bobby G. Ham defendant Farms. Defendants Produce, LLC and Farms, LLC violated their duty to all of the named plaintiffs and the class and subclasses defined in ¶¶62-63 above to pay all wages under N.C.Gen.Stat. § 95-25.6 when those wages were due pursuant to the terms of the agreement and disclosures that are described in ¶¶54-55(a), 62-69, 70-71, and 80-109 that defendant Farms, LLC and its agents and joint employers Cirila Garcia-Pineda, Ismael, Pacheco, Inc., Hugo Martinez, G, LLC, 5 G, LLC, and RGT made to and has had with the named plaintiffs and the members of the class and subclasses defined in ¶¶54-55 and 62-63.

122. As a result of the actions or omissions of all defendants that are described or referred to in ¶¶3-49, 54-61, 62-69, and 80-109 above of this complaint, all named plaintiffs and each person who is a member of the class and subclasses defined in ¶¶62 and 63(a)-(f) above of this complaint have suffered damages in the form of unpaid wages and liquidated damages that may be recovered under the common law of contracts.

XV. FOURTH CLAIM FOR RELIEF (AWPA)

123. The Fourth Claim for Relief is brought under the AWPA by named plaintiffs Adan Lopez, Francisco Mendez, Ezequiel Aburto-Hernandez, and Alejandro Martinez-Mendez on behalf of themselves and all other similarly situated persons pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

124. In the Fourth Claim for Relief based on the AWPA, the four (4) named plaintiffs identified in ¶¶70 and 123 above allege the following intentional AWPA violations on behalf of themselves and the class and subclasses defined in ¶¶70-71 above of this Complaint against Farms, LLC and/or Produce, LLC and the farm labor contractors (Torres, Ismael, Pacheco, Inc., Hugo Martinez, and/or Maria Garcia-Pineda) with whom Farms, LLC and /or Produce, LLC jointly and severally employed the class and subclasses defined in ¶¶70-71 above.

125. Pursuant to Rule 23(b)(3), that class and those subclasses consist of all migrant and seasonal agricultural workers (as the terms "migrant agricultural worker" and "seasonal agricultural worker" are defined in 29 U.S.C. §§ 1802(8) and 1802(10) and 29 C.F.R. §§ 500.20(p) and 500.20(r)) who performed temporary or seasonal work in agriculture when they were either directly employed by Farms, LLC and/or Produce, LLC or jointly employed by one or more of those same two (2) defendants and farm labor contractors Torres, Ismael, Pacheco, Inc., Hugo Martinez, and/or Maria Garcia-Pineda at any time in the three (3) year time period immediately preceding the date on which this action was filed and continuing thereafter until the date on which final judgment is filed in this action. Except as otherwise alleged, this class consists of the following subclasses and, unless otherwise specified, for each separate agricultural season that occurred in that same time period:

63

(a)    In 2016, named plaintiffs Adan Lopez, Francisco Mendez, and Alejandro Martinez-Mendez and those workers that those same three (3) named plaintiffs seek to represent pursuant to Rule 23(b)(3) to whom defendant Farms, LLC and defendant Cirila Garcia-Pineda failed to pay weekly wages that were due when they were due for all hours worked when they were directly employed by defendant Farms, LLC or jointly employed defendant Farms, LLC and farm labor contractor Cirila Garcia-Pineda to perform the "corresponding employment" field work that is described in ¶¶7 and 30 above when the gross compensation paid did not equal or exceed the higher of the product of a piece rate of $0.50 per 5/8 bushel bucket for all buckets picked in each workweek in 2016 or the produce of all hours worked and the average of $10.72 per hour in violation of 29 U.S.C. §§ 1822(a) and 1832(a), and

(b)    Named plaintiff Ezequiel Aburto-Hernandez and those migrant or seasonal agricultural workers that named plaintiff Aburto-Hernandez seeks to represent pursuant to Rule 23(b)(3) that are described in ¶52 above to whom defendants Farms, LLC and/or Produce, LLC failed to pay weekly wages when those wages were due for any workweek ending at any time in the three (3) year time period immediately preceding the date on which this action for all hours worked when they were jointly employed by defendant Produce LLC and defendant farm labor contractor Hugo Martinez and were not paid at the hourly rate required by 29 U.S.C. § 207(a)(1) for the hours they performed work totaling in excess of 40 hours in the same workweek when all or some part of those hours worked were performed in connection with the defendant Produce LLC's sweet potato packing house to process or pack sweet potatoes that were produced by person(s) or business entities other than Farms, LLC and/or Produce, LLC, or some combination or totally-owned affiliate of one or

64

both of those two named defendants in violation of 29 U.S.C. §§ 1822(a) and/or 1832(a), and

(c)   in 2015 on and after July 1, 2015, named plaintiffs Adan Lopez, Francisco Mendez, Alejandro Martinez-Mendez, Ezequiel Aburto-Hernandez, and those migrant or seasonal agricultural workers that those same four (4) named plaintiffs seek to represent pursuant to Rule 23(b)(3) to whom defendants Farms, LLC, Torres, Cirila Garcia-Pineda, Ismael, and Pacheco, Inc. failed to provide to those same four (4) named plaintiffs and the workers they seek to represent itemized written wage statements that accurately stated the number of hours worked for each pay period that each such named plaintiff and class member was employed by one or more of those same defendants in violation of 29 U.S.C. § 1821(d)(2) and/or 1831(c)(2) for all hours worked when they were jointly employed by defendant Farms, LLC and farm labor contractor defendants Ismael, Pacheco, Inc., Cirila Garcia-Pineda, and Torres to perform agricultural employment by one or more of those same defendants, and

(d)   in 2015 on or after July 1, 2015, named plaintiffs Adan Lopez, Francisco Mendez, Alejandro Martinez-Mendez, Ezequiel Aburto-Hernandez, and those migrant or seasonal agricultural workers that those same four (4) named plaintiffs seek to represent pursuant to Rule 23(b)(3) for whom defendants Farms, LLC, Torres, Cirila Garcia-Pineda, Ismael, and Pacheco, Inc. failed to maintain for those same four (4) named plaintiffs and the workers they seek to represent written wage records that accurately stated the number of hours worked for each pay period that each such named plaintiff and class member was employed by one or more of those same defendants in violation of 29 U.S.C. § 1821(d)(2) and/or 1831(c)(2) for all hours worked when they

65

were jointly employed by defendant Farms, LLC and farm labor contractor defendants Ismael, Pacheco, Inc., Cirila Garcia-Pineda, and Torres to perform agricultural employment by one or more of those same defendants, and

(e) in 2016, named plaintiffs Adan Lopez, Francisco Mendez, Alejandro Martinez-Mendez, and Ezequiel Aburto-Hernandez and those migrant or seasonal agricultural workers that those same four (4) named plaintiffs seek to represent pursuant to Rule 23(b)(3) to whom defendants Farms, LLC and Cirila Garcia-Pineda failed to provide to those same four (4) named plaintiffs and the workers they seek to represent itemized written wage statements that accurately stated the number of hours worked for each pay period that each such named plaintiff and class member was employed by one or more of those same defendants in violation of 29 U.S.C. § 1821(d)(2) and/or 1831(c)(2) for all hours worked when they were jointly employed by defendant Farms, LLC and farm labor contractor defendant Cirila Garcia-Pineda to perform agricultural employment by one or more of those same defendants, and

(f) in 2016, named plaintiffs Adan Lopez, Francisco Mendez, Alejandro Martinez-Mendez, and Ezequiel Aburto-Hernandez and those migrant or seasonal agricultural workers that those same four (4) named plaintiffs seek to represent pursuant to Rule 23(b)(3) for whom defendants Farms, LLC and Cirila Garcia-Pineda failed to maintain for those same four (4) named plaintiffs and the workers they seek to represent written wage records that accurately stated the number of hours worked for each pay period that each such named plaintiff and class member was employed by one or more of those same defendants in violation of 29 U.S.C. § 1821(d)(2) and/or 1831(c)(2) for all hours worked when they were jointly employed by defendant Farms, LLC and farm

66

labor contractor defendant Cirila Garcia-Pineda to perform agricultural employment by one or more of those same defendants, and

(g) in 2015 on and after July 1, 2015, at the time that defendants Farms, LLC, Torres, Cirila Garcia-Pineda, Ismael, and Pacheco, Inc. recruited named plaintiffs Adan Lopez, Francisco Mendez, Alejandro Martinez-Mendez, Ezequiel Aburto-Hernandez, and those migrant agricultural workers that those same four (4) named plaintiffs seek to represent pursuant to Rule 23(b)(3), those same named defendants failed to ascertain and disclose accurate information in writing information as to the actual wage rates to be paid to those same named plaintiffs and those migrant agricultural workers that those same four (4) named plaintiffs seek to represent in violation of 29 U.S.C. § 1821(a)(2) for all crops and activities on which those workers may be employed when they were jointly employed by defendant Farms, LLC and farm labor contractor defendants Ismael, Pacheco, Inc., Cirila Garcia-Pineda, and Torres to perform agricultural employment for one or more of those same defendants, and

(h) in 2016, at the time that defendants Farms, LLC and Cirila Garcia-Pineda recruited named plaintiffs Adan Lopez, Francisco Mendez, Alejandro Martinez-Mendez, and Ezequiel Aburto-Hernandez, and those migrant agricultural workers that those same four (4) named plaintiffs seek to represent pursuant to Rule 23(b)(3), those same named defendants failed to ascertain and disclose accurate information in writing information as to the actual wage rates to be paid to those same named plaintiffs and those migrant agricultural workers that those same four (4) named plaintiffs seek to represent in violation of 29 U.S.C. § 1821(a)(2) for all crops and activities on which those workers may be employed when they were jointly employed by defendant Farms, LLC

67

and farm labor contractor defendant Cirila Garcia-Pineda to perform agricultural employment for one or more of those same defendants, and

(i) in 2015, on or after July 1, 2015, for named plaintiffs Adan Lopez, Francisco Mendez, Alejandro Martinez-Mendez, Ezequiel Aburto-Hernandez, and those migrant and seasonal agricultural workers that those same four (4) named plaintiffs seek to represent pursuant to Rule 23(b)(3), defendants Farms, LLC, Torres, Cirila Garcia-Pineda, Ismael, and Pacheco, Inc. violated, without justification, the working arrangement they had with those same workers to pay all applicable wage taxes in a timely manner on the wages that one or more of those same named defendants paid to those same workers that they jointly employed during that same time period in violation of 29 U.S.C. §§ 1822(c) and 1832(c), and

(j) in 2016, for named plaintiffs Adan Lopez, Francisco Mendez, Alejandro Martinez-Mendez, and Ezequiel Aburto-Hernandez and those migrant and seasonal agricultural workers that those same four (4) named plaintiffs seek to represent pursuant to Rule 23(b)(3), defendants Farms, LLC and Cirila Garcia-Pineda violated, without justification, the working arrangement they had with those same workers to pay all applicable wage and FICA taxes in a timely manner on the wages that one or more of those same named defendants paid to those same workers that they jointly employed during that same time period in violation of 29 U.S.C. §§ 1822(c) and 1832(c), and

(k) in 2015, on or after July 1, 2015, for named plaintiffs Adan Lopez, Francisco Mendez, Alejandro Martinez-Mendez, and Ezequiel Aburto-Hernandez and those migrant and seasonal agricultural workers that those same four (4) named plaintiffs seek to represent pursuant to Rule 23(b)(3), defendants Farms, LLC used farm labor contractor Cirila

68

Garcia-Pineda to furnish those same workers to defendant Farms, LLC when the defendant Farms, LLC did not first take reasonable steps to determine that farm labor contractor Cirila Garcia-Pineda possessed a certificate of registration which was valid and which authorized that same farm labor contractor to engage in that same farm labor contracting activity in 2015 on or after July 1, 2015 in violation of 29 U.S.C. § 1842, and

(l) in 2016, for named plaintiffs Adan Lopez, Francisco Mendez, Alejandro Martinez-Mendez, and Ezequiel Aburto-Hernandez and those migrant and seasonal agricultural workers that those same four (4) named plaintiffs seek to represent pursuant to Rule 23(b)(3), defendants Farms, LLC used farm labor contractor Cirila Garcia-Pineda to furnish those same workers to defendant Farms, LLC when the defendant Farms, LLC did not first take reasonable steps to determine that farm labor contractor Cirila Garcia-Pineda possessed a certificate of registration which was valid and which authorized that same farm labor contractor to engage in that same farm labor contracting activity in 2016 in violation of 29 U.S.C. § 1842, and

(m) in 2015 on and after July 1, 2015, named plaintiffs Adan Lopez, Francisco Mendez, Ezequiel Aburto-Hernandez, and those migrant or seasonal agricultural workers that those same four (4) named plaintiffs seek to represent pursuant to Rule 23(b)(3) to whom defendants Farms, LLC, Torres, Cirila Garcia-Pineda, Ismael, and Pacheco, Inc. failed to pay all wages when due to each of those same workers when those same defendants paid those workers weekly wages which were the lower of the product of the number of sweet potato units or buckets harvested by each such worker and the applicable piece rate for each such unit or bucket of sweet potatoes compared to

the product of the total actual hours worked in the harvest of those sweet potatoes and the required or promised hourly wage rate for that same harvest work in violation of 29 U.S.C. §§ 1822(a) and/or 1832(a).

(n) in 2016, named plaintiffs Adan Lopez, Francisco Mendez, Alejandro Martinez-Mendez, Ezequiel Aburto-Hernandez and those migrant or seasonal agricultural workers that those same four (4) named plaintiffs seek to represent pursuant to Rule 23(b)(3) to whom defendants Farms, LLC and Cirila Garcia-Pineda failed to pay all wages when due to each of those same workers when those same defendants paid those workers weekly wages which were the lower of the product of the number of sweet potato units or buckets harvested by each such worker and the applicable piece rate for each such unit or bucket of sweet potatoes compared to the product of the total actual hours worked in the harvest of those sweet potatoes and the required or promised hourly wage rate for that same harvest work in violation of 29 U.S.C. §§ 1822(a) and/or 1832(a).

(o) In 2016, as alleged in ¶¶6 and 80 above, defendants Farms, LLC, defendants Cirila Garcia-Pineda and Farms, LLC failed to pay all wages when due in violation of 29 U.S.C. § 1822(a) and 1832(a) to named plaintiffs Alejandro Martinez-Mendez, Adan Lopez, and Francisco Lopez, and the migrant and seasonal agricultural workers described in ¶¶30, 54-55, and 55(h) above that they seek to represent to work and perform corresponding employment in 2016 in the hand harvest of sweet potatoes on a piece rate basis of $0.45 per 5/8 bushel bucket with without any guaranteed minimum of $10.72 per hour for the periods of time described in ¶¶6, 28, and 80 above when H-2A workers who were jointly and severally employed by 5 G, LLC and Farms, LLC were compensated on a piece rate basis of $0.50 per bushel bucket with a guaranteed minimum of

70

$10.72 per hour to perform sweet potato hand harvest work pursuant to an H-2A labor certification and H-2A visas issued in 2016 to 5 G, LLC, the joint employer of those workers.

126. As a result of the intentional actions or omissions of all defendants that are described or referred to in ¶¶125(a)-125(o), inclusive, above of this complaint, all named plaintiffs identified in ¶123 above and each person who is a member of the class and subclasses defined in ¶¶70-71 above of this complaint has suffered damages, and are entitled to payment of statutory damages in the full amount authorized by 29 U.S.C. § 1854(c) pursuant to 29 U.S.C. § 1854(c)(1) for each agricultural season that occurred in the 3-year time period immediately preceding the date on which this action was filed and continuing, on information and belief, through the date that final judgment is entered in this action.

XIX. <u>FIFTH CLAIM FOR RELIEF</u> (FLSA #2 - § 206 *Arriaga* claim)

127. Paragraphs 1 through 49, and 76-113 above are realleged and incorporated herein by reference by the named plaintiff and each member of the collective action described in ¶¶76-79 above of this complaint that named plaintiffs Elena Rafael-Peralta and José Jimenez-Olivares seek to represent pursuant to 29 U.S.C. §216(b) against all defendants Farm, LLC, RGT, G, LLC, and 5 G, LLC.

128. The defendants did not pay all wages due to named plaintiffs Elena Rafael-Peralta and José Jimenez-Olivares and the collective group of persons defined in ¶¶76-77 above of this complaint that those same two named plaintiffs seek to represent under 29 U.S.C. §216(b) at the rate required by 29 U.S.C. § 206(a) for the work described in ¶¶8-9, 76-79, and 110-13 above of this Complaint.

129. As a result of these willful actions of the defendants in

reckless disregard of the rights of these two named plaintiffs and each person who is a member of the collective group of persons defined in ¶¶76-77 above of this complaint under 29 U.S.C. § 206(a), those two named plaintiffs and each member of that collective group have suffered damages in the form of unpaid wages and liquidated damages that may be recovered under 29 U.S.C. §216(b).

XX. <u>CLAIM FOR DECLARATORY RELIEF</u>

130. Paragraphs 1 through 129 above are realleged and incorporated herein by reference by the named plaintiff.

131. The parties to this action are in dispute as to their respective rights, privileges and/or obligations under the Fair Labor Standards Act, the North Carolina Wage and Hour Act, the Migrant and Seasonal Agricultural Worker Protection Act (AWPA), and the common law concerning H-2A contracts and regulations, and require declaratory relief as to what those respective rights, privileges, and/or obligations are.

WHEREFORE Plaintiff respectfully requests that the Court:

(a) Grant a jury trial on all issues so triable;

(b) Certify the named plaintiffs as representatives of the group of persons defined in ¶¶50-51 above of this Complaint in a collective action class action for back wages and liquidated damages under 29 U.S.C. §216(b) pursuant to 29 U.S.C. §216(b);

(c) Certify the named plaintiffs as representatives of the group of persons defined in ¶¶76-77 above of this Complaint in a collective action class action for back wages and liquidated damages under 29 U.S.C. §216(b) pursuant to 29 U.S.C. §216(b);

(d) Certify the named plaintiffs as representatives of the class of persons defined in ¶54-55 above of this complaint in a class action

for back wages and liquidated damages under N.C.Gen.Stat. §95-25.22(a) and 95-25.22(a1) pursuant to Rule 23(b)(3), Fed.R.Civ.P.;

(e)    Certify the named plaintiffs as representatives of the class of persons defined in ¶62-63 above of this complaint in a class action for compensatory damages under the common law of contracts pursuant to Rule 23(b)(3), Fed.R.Civ.P.;

(f)    Certify the named plaintiffs as representatives of the class of persons defined in ¶70-71 above of this complaint in a class action for statutory damages under 29 U.S.C. § 1854(c)(1) of the AWPA pursuant to Rule 23(b)(3), Fed.R.Civ.P.;

(g)    Declare that the defendants have violated their obligations under: (i) the North Carolina Wage and Hour Act, N.C.Gen.Stat. §§95-25.13(1)-(2) and 95-25.6 to pay the plaintiff and the employees he seeks to represent under Rule 23(b)(3) of the Federal Rules of Civil Procedure who were or will be employed by one or more defendants all promised wages when due at the wage rate disclosed to the plaintiffs and those employees; (ii) the Migrant and Seasonal Agricultural Worker Protection Act (AWPA), and (iii) the common law concerning H-2A contracts and regulations.

(h)    Enter judgment against all defendants, jointly and severally, and in favor of the named plaintiffs for back wages and liquidated damages under 29 U.S.C. § 216(b) in connection with the plaintiffs' First Claim for Relief in an amount equal to the total of the unpaid wages due each named plaintiff and each member of the collective action that is defined in ¶¶50-51 above of this Complaint, under 29 U.S.C. § 207(a)(1);

(i)    Enter judgment against all defendants, jointly and severally, and in favor of the named plaintiffs for back wages and liquidated

damages under G.S. §§95-25.22(a) and 95-25.22(a1), plus interest in the manner and at the rate prescribed in N.C.Gen.Stat. §95-25.22(a) in connection with the plaintiffs' Second Claim for Relief in an amount equal to the total of the unpaid wages due each named plaintiff and each member of the class that is defined in ¶¶54-55 above of this Complaint; G.S. §§95-25.6 and 95-25.13(1)-(2) for any workweek in which the named plaintiff or any member of the class of persons defined in ¶54-55 above of this Complaint performed the type of work described in ¶¶6-11, and 22-33 of the Complaint, plus an equal additional amount as liquidated damages under G.S.§§95-25.22(a) and 95-25.22(a1), plus interest in the manner and at the rate prescribed in N.C.Gen.Stat. §95-25.22(a);

(f) Enter judgment against each defendant, jointly and severally, and in favor of the named plaintiffs and all other similarly situated employees of those same defendants that are described in ¶¶62-63 above of this Complaint for compensatory damages against the defendants under the Third Claim for Relief in an amount equal to the amount of compensation due in compensatory damages from defendants Farms, LLC, Produce, LLC, and each of the named farm labor contractor defendants, jointly and severally, for any workweek in which the named plaintiffs and any member(s) of the class defined in ¶¶62-63 suffered an economic loss or lost wages as a proximate result of any defendant's failure to comply with either the express written terms of the clearance order job contract that the named plaintiffs had with RGT, G, LLC, and/or 5 G, LLC to perform any H-2A work for Farms, LLC or any other employer in North Carolina in 2015 and/or 2015, or the requirement(s) of any federal H-2A regulation(s) that was incorporated into that same clearance order job contract between the named plaintiffs and the workers they are seeking to represent pursuant to Rule 23(b)(3) of the Federal Rules of Civil

74

Procedure, or both;

(g) Enter judgment on the plaintiffs' Fourth Claim for Relief against all defendants, jointly and severally, and in favor of the named plaintiffs and each member of the class they seek to represent under Rule 23(b)(3) as defined in ¶¶70-71 above of this Complaint for the full amount of statutory damages under AWPA ($500.00) for each violation of AWPA for each separate season when any such violation(s) pursuant to 29 U.S.C. § 1854(c)(1), plus interest at the highest rate allowable by law on any such damage award;

(h) Enter judgment against all defendants, jointly and severally, and in favor of the named plaintiffs Elena Rafael-Peralta and José Jimenez-Olivarez for back wages and liquidated damages under 29 U.S.C. § 216(b) in connection with the plaintiffs' Fifth Claim for Relief in an amount equal to the total of the unpaid wages due each such named plaintiff and each member of the collective action that is defined in ¶¶76-77 above of this Complaint, under 29 U.S.C. § 206(a)(1);

(i) Award the named plaintiffs the costs of this action against all defendants, jointly and severally;

(j) Award the named plaintiffs reasonable attorney fees under and N.C.Gen.Stat. §95-25.22(d) and 29 U.S.C. §216(b) against the defendants, jointly and severally;

(k) Award prejudgment and post judgment interest at the highest amount authorized by applicable law on any amount of monetary damages awarded for back wages as requested in paragraph (d) of this Prayer for Relief based upon such date(s) as may be appropriate under applicable law;

(j) Award such other relief as may be just and proper in this action.

This the 30th day of June, 2017.

                    LAW OFFICE OF ROBERT J. WILLIS, P.A.

              BY:   /s/Robert J. Willis
                    Robert J. Willis
                    Attorney at Law
                    NC Bar #10730
                    (mailing address)
                    P.O. Box 1828
                    Pittsboro, NC  27312
                    Tel:(919)821-9031
                    Fax:(919)821-1763

                    488 Thompson Street
                    Pittsboro, NC 27312
                    Counsel for Plaintiff
                    rwillis@rjwillis-law.com

## CONSENT TO SUE

I, _____Adan Lopez_____, hereby consent to be a party under 29 U.S.C. §216(b) to this lawsuit to assert my right to the lawful wage required by the Fair Labor Standards Act.

X _Adan Lopez_
SIGNATURE

_Feb. 19, 2017_
DATE

**CONSENT TO SUE**

I, _Francisco Mendez_ , hereby consent to be a party under 29 U.S.C. §216(b) to this lawsuit to assert my right to the lawful wage required by the Fair Labor Standards Act.

X Francisco Mendez
SIGNATURE

Feb. 19, 2017
DATE

**CONSENT TO SUE**

I, _ESeqviel Hernandez_ , hereby consent to be a party under 29 U.S.C. §216(b) to this lawsuit to assert my right to the lawful wage required by the Fair Labor Standards Act.

_____
SIGNATURE

_____
2 - 23 - 17
DATE

<u>**CONSENT TO SUE**</u>

I, <u>Elena Rafael Peralta</u>, hereby consent to be a party under 29 U.S.C. §216(b) to this lawsuit to assert my right to the lawful wage required by the Fair Labor Standards Act.

_____
SIGNATURE

<u>25/03/17</u>
DATE

<u>CONSENT TO SUE</u>

I, *JOSE PABLO SANDOVAL MONTALVO*, hereby consent to be a party under 29 U.S.C. §216(b) to this lawsuit to assert my right to the lawful wage required by the Fair Labor Standards Act.

X _____
      SIGNATURE

_____
6/22/2017
      DATE

## CONSENT TO SUE

I, _Jose Jimenez Chavez_, hereby consent to be a party under 29 U.S.C. §216(b) to this lawsuit to assert my right to the lawful wage required by the Fair Labor Standards Act.

X _____
SIGNATURE

_23 / 06 / 2016_
DATE

**CONSENT TO SUE**

I, _Alejandro Martinez Mendez_ hereby consent to be a party under 29 U.S.C. §216(b) to this lawsuit to assert my right to the lawful wage required by the Fair Labor Standards Act.

_Xalejandro MARTinez mendez_
SIGNATURE

_Feb. 19, 2017_
DATE